JEROME LAWRENCE, Appellant, *v.* DAVOS, INC., Respondent.

Third Department, November 14, 1974.

42

*Oppenheim & Drew* (*Stephen L. Oppenheim* of counsel), for appellant.

*Appelbaum & Eisenberg* (*Bertram W. Eisenberg* of counsel), for respondent.

HERLIHY, P. J.   The plaintiff sustained personal injuries as a result of a fall from a chair on a ski lift, owned and operated by the defendant, in March of 1966.

The plaintiff's testimony establishes that he had used chairs on ski lifts on many occasions prior to March of 1966 and, on the day in question, he had used the particular ski lift on about five occasions prior to the accident.   The plaintiff testified that his fall was caused when there was a sudden jolt which made the chair drop a foot or so and then sway from left to right. The fact of a jolt and an immediate swaying of the chairs of the ski lift is supported by other witnesses. The plaintiff further testified that, at the time he seated himself in the chair, he did not look to see if there was a safety device in the form of a chain attached thereto.

The record contains evidence that, prior to 1965, safety devices such as chains were not required to be attached to the chairs, however, in 1965 such chains or other safety devices were required by the State of New York and chains were attached to all chairs at the subject ski lift in the fall of 1965, prior to the plaintiff's accident.   The plaintiff testified that, in regard to his use of the ski lift prior to the accident, he had observed that none of the chairs used bars as a safety device but that " some " had chains.   He further testified that on the five previous occasions on the day of the accident, when he had used that particular chair lift, he had not used the chain device. There is no question but that the plaintiff recognized the chains

as being a safety device to hold the occupant of the chair therein. Furthermore, the plaintiff called a witness who was 10 years old at the time of the accident and that witness testified that the chair in which the plaintiff was riding had a chain or chains attached thereto which that witness had recognized as a safety device.

Among other things, the plaintiff contends that the trial court erred in refusing to charge, in accordance with his request, the doctrine of *res ipsa loquitur*.

This court has previously indicated that the doctrine of *res ipsa loquitur* may be applicable in regard to the operation of a ski lift and injuries which, upon an appropriate record, can only reasonably be attributable to the operation of such lift (*Grauer* v. *State of New York,* 9 A D 2d 829, 830). Nevertheless, it is well established that for the doctrine to be applicable, the plaintiff must establish a set of facts which would exclude the accident from being attributable to his own negligence, if the facts offered in evidence by the plaintiff are accepted by the jury. (See *Feblot* v. *New York Times Co.,* 32 N Y 2d 486.)

The present record establishes that the defendant had provided a chain obviously intended to be fastened by patrons for the purpose of holding them in their chair. The plaintiff was aware that such chains were generally provided by the defendant as a safety device. Upon the plaintiff's own case, there was evidence offered to the effect that the particular chair in which he was riding at the time of the accident was equipped with a chain and he did not use the same. The plaintiff made no claim that his chain was not useable or was in any way defective and there is no evidence in this record that the accidental injuries would probably have been sustained even if the plaintiff had fastened his safety chain. Upon the present record, the proof by the plaintiff as to the happening of the accident was of such a nature as to permit an inference that his method of using the chair was a proximate cause of his accidental injuries. As in the case of *Feblot* v. *New York Times Co.* (*supra*), the plaintiff failed to establish a set of facts from which the only reasonable inference would be that the accidental injuries were caused by the malfunctioning of equipment solely under the control of the defendant and, accordingly, the trial court properly refused to charge the doctrine of *res ipsa loquitur*.

The remaining issues raised by the plaintiff as to the trial court's exclusion of certain offered evidence have no merit. Furthermore, the plaintiff has demonstrated no basis whereby the

trial court erred in refusing to charge that his failure to use the safety chain was not contributory negligence as a matter of law.

The judgment should be affirmed, without costs.

STALEY, JR., SWEENEY, KANE and MAIN, JJ., concur.

Judgment affirmed, without costs.