■ MARIE R. BIRDSALL, Respondent, v MONTGOMERY WARD AND COMPANY, INC., et al., Appellants. — Levine, J. Appeal from a judgment of the Supreme Court in favor of plaintiff, entered February 10, 1984 in Schenectady County, upon a verdict rendered at Trial Term (Graves, J.).

On April 2, 1980, plaintiff fractured her left ankle while riding the descending escalator at defendant Montgomery Ward and Company, Inc.'s (Ward's) department store in the Village of Menands, Albany County. Pursuant to a maintenance contract with Ward's, defendant Otis Elevator Company (Otis) serviced the escalators which it had installed at the store in 1963. Plaintiff brought the instant suit against Ward's and Otis, claiming negligent maintenance, operation, control and supervision of the escalator.

Testimony at the trial of this action disclosed that plaintiff was 63 years old at the time of the accident and that she was riding the escalator with her daughter, who was a step or two ahead of her. Plaintiff testified that she stepped on the escalator, traveled downward about two feet, when she felt a bump, and then fell forward. Her daughter prevented her from falling farther, and plaintiff fell back into a sitting position on the escalator step. Plaintiff further testified that she shopped weekly at Ward's and that she had never had a prior problem with the escalator. She also stated that she saw no debris anywhere on it.

Plaintiff's daughter testified that she was ahead of her mother on the escalator at the time of the accident, but had not felt a bump or noticed anything unusual. However, she stated that when she again rode the escalator, about one hour after the accident, she felt a bump or vibration in the same spot where her mother had fallen and almost fell herself.

Lee Tifft, security manager at the store on the date in question, testified that he was at the escalator soon after plaintiff fell, and that plaintiff then stated to him that she had lost her balance and fallen when she was getting on the escalator, adding that she was getting too old to ride escalators. Tifft further testified that after speaking with plaintiff, he both examined and rode the escalator to see if he could locate any defects in its operation or any debris on it. He stated that he felt no unusual vibrations or bumping and observed nothing out of the ordinary in its functioning. Tifft noted that the Ward's maintenance crew cleaned the escalator steps daily. He added that there were no complaints either prior to or on April 2, 1980 regarding bumping on the escalator, nor did plaintiff or her daughter mention to him that the escalator was bumping. Consequently, Ward's made no request to Otis to check the escalator.

Bernard Colfels, employed as a maintenance supervisor by Otis, testified that the escalators at Ward's were inspected by one of his staff and routinely maintained once a week, and that Otis was also on 24-hour call for repairs. He noted that there was no call from Ward's to Otis regarding a problem with the escalator within three months of plaintiff's accident. He stated that Otis' records did indicate that the escalator had been repaired in September 1974, almost six years before plaintiff's accident, because one of the steps was bumping due to a foreign object in the track. He also noted that the escalator's tracks had been replaced in February 1979.

Jerrold Van Deusen, another Otis employee, testified that he had maintained the escalator since its installation in 1963 and that, in the ensuing 17 years, he had repaired bumping three times caused by flat wheels or foreign matter lodged in the track. He testified that he had repaired the bumping in September 1974, which was the last time there was a record of the escalator having this problem. The jury ultimately found defendants equally negligent and awarded plaintiff $25,000. Both Ward's and Otis appealed.

Initially, we note that the trial court erred in submitting the case to the jury on the basis of res ipsa loquitur. A prerequisite to the application of this doctrine is proof, *inter alia,* that the event which caused the accident was of a kind which ordinarily does not occur in the absence of negligence (*Fogal v Genesee Hosp.,* 41 AD2d 468, 474; *see also, Weeden v Armor Elevator Co.,* 97 AD2d 197, 203; Prosser & Keeton, Torts, § 39, at 244 [5th ed 1984]). Here, uncontradicted trial testimony confirmed that this prerequisite was absent. Colfels, Otis' maintenance supervisor,

testified without challenge that among the causes of bumping on an escalator are foreign objects, such as parts of sneakers, buttons, etc., dropped by passengers on the escalator, which have eluded the combing mechanism at the foot of the escalator and gotten swept into the internal workings of the machinery. Obviously, such debris could become caught in the escalator and instantaneously precipitate bumping at any time the escalator was in use without negligence on the part of either Ward's or Otis. Defendants cannot be held to a duty of constantly monitoring the behavior of all who ride the escalator. Accordingly, this was not an appropriate case for the application of res ipsa loquitur. The foregoing effectively distinguishes the instant case from *Enslein v Hudson & Manhattan R.R. Co.* (8 Misc 2d 87, *mod* 6 AD2d 833, *affd* 6 NY2d 723), principally relied upon by plaintiff. In *Enslein,* the defense denied that the lurching of the escalator described by the plaintiff could have occurred *at all* because of the existence of safety devices incorporated into the mechanism. However, the plaintiff established that the lurching occurred not only at the time of the accident but on a number of recent previous occasions, thus supporting the inference that the escalator had been inadequately maintained over a period of time preceding the accident.

The proof was likewise deficient to establish, directly or circumstantially, any ordinary negligence on either defendant's part. In regard to Otis, having contracted to maintain Ward's escalators in safe operating condition, it would be subject to liability for "failure to use reasonable care to discover and correct a condition which it ought to have found" (*Rogers v Dorchester Assoc.,* 32 NY2d 553, 559; *Koch v Otis Elevator Co.,* 10 AD2d 464, 467).* However, trial testimony disclosed no evidence that any condition existed in the operation of the escalator which Otis, in the exercise of reasonable care, could have discovered and repaired. The only evidence of a prior malfunction of the escalator concerned the steps bumping six years earlier due to foreign matter in the track, a defect which was promptly repaired at that time. There was no evidence of recent bumping, and the only evidence of subsequent bumping was that of plaintiff's daughter who stated that she felt a bump in the steps an hour after her mother fell. Further, there was no showing by plaintiff as to what had made the escalator malfunction (*see, Koch v Otis Elevator Co., supra,* p 466), nor was there

---

* Although the *Rogers* and *Koch* cases concern the operation of elevators, the duty of one maintaining an escalator is substantially the same as the duty of one maintaining an elevator (5B Warren, Negligence in the New York Courts, Escalators, § 1.01, at 619 [3d ed 1970]).

any evidence that Otis had departed from its usual schedule of weekly inspections.

In regard to Ward's liability, its duty would also have been to maintain and repair the escalator (*see, Rogers v Dorchester Assoc., supra,* p 562). However, since it had contracted with Otis to handle all maintenance' and repair work, liability could only be found against Ward's if it had received actual or constructive notice of a defect and then failed to notify Otis (*supra*). Since there was no showing that Ward's had any such notice of a defect no negligence was proven against it.

It follows from the foregoing that negligence was not established as to either defendant and, accordingly, the judgment must be reversed and the complaint dismissed.

Judgment reversed, on the law, without costs, and complaint dismissed. Mahoney, P. J., Kane, Casey, Weiss and Levine, JJ., concur.