■ MITCHELL BRAITHWAITE et al., Respondents, v EQUITABLE LIFE ASSURANCE SOCIETY OF THE UNITED STATES et al., Appellants. OTIS ELEVATOR COMPANY, Defendant and Third-Party Plaintiff-Appellant, v TISHMAN SPEYER PROPERTIES et al., Third-Party Defendants-Appellants. [648 NYS2d 628] —In an action to recover damages for personal injuries, etc., the defendants Equitable Life Assurance Society of the United States and Elas Securities Acquisition Corp., and the third-party defendants Tishman Speyer Properties and Equitable Real Estate Investment Management, Inc., appeal from an order of the Supreme Court, Queens County (Golar, J.), dated October 24, 1995, which denied their motion for summary judgment dismissing the complaint, the third-party complaint, and all cross claims and counterclaims. The defendant third-party plaintiff Otis Elevator Company separately appeals from so much of the same order as denied its motion for summary judgment dismissing the complaint and all cross claims and counterclaims.

Ordered that the order is reversed, on the law, with one bill of costs, the respective motions are granted, and the complaint and the third-party complaint are dismissed.

The injured plaintiff, who turned his ankle while stepping onto an escalator in a building owned and/or managed by the defendants and the third-party defendants, sued the building's owners and managers, as well as Otis Elevator Company, which had a contract to maintain and repair the escalator. Although the injured plaintiff first reported that he had "mis-stepped" upon entering the escalator, he subsequently claimed that the escalator had "jerked". At his examination before trial he testified that in a matter of seconds the escalator had twice stopped and reversed direction. The defendants and third-party defendants moved, and the defendant Otis Elevator Company separately moved, for summary judgment, relying upon three separate experts' opinions that this last account of the escalator's movement was physically impossible. The plaintiffs' sole opposition to these motions was an affidavit from the injured plaintiff which stated that "[t]he moving steps were defective and jerked". The court denied the respective motions for summary judgment based on the theory of res ipsa loquitur. We now reverse.

The mere fact that an accident occurs does not mean that a defendant is liable unless the plaintiff can show how the defendant's breach of some duty caused or contributed to the plaintiff's mishap (see, e.g., Bernstein v City of New York, 69 NY2d 1020; Ingersoll v Liberty Bank, 278 NY 1; DiGelormo v Weil, 260 NY 192). Where, as here, there are several possible causes of injury, for one or more of which the defendant is not responsible, the plaintiff cannot recover without proving the injury was sustained wholly or in part by a cause for which the defendant was responsible (DiGelormo v Weil, supra, at 200).

In addition, the defendants and the third-party defendants made a strong prima facie showing that the accident could not have happened as the plaintiff described it at his examination before trial. The burden then shifted to the plaintiff to produce evidentiary proof in admissible form establishing the existence of material questions of fact (see, e.g., Alvarez v Prospect Hosp., 68 NY2d 320; Capelin Assocs. v Globe Mfg. Corp., 34 NY2d 338; Indig v Finkelstein, 23 NY2d 728; Carrington v City of New York, 201 AD2d 525). The plaintiff failed to do so. Accordingly, summary judgment should have been granted to the defendants and the third-party defendants (see, e.g., Parisi Enters. Inc. Profit Sharing Trust v Settimo, 198 AD2d 272; Lui v Park Ridge, 196 AD2d 579).

The instant matter could not be submitted to a jury on the theory of res ipsa loquitur, both because the injured plaintiff's accident could have happened without negligence on *anyone's* part, and because the injured plaintiff himself could have been solely responsible for his own injury when he "mis-stepped" onto the escalator. Here, the event could well have occurred in the absence of negligence, the injured plaintiff apparently caused or contributed to his own injury, and the offending instrumentality was not within the exclusive control of the defendants *(see, Dermatossian v New York City Tr. Auth.,* 67 NY2d 219; *Corcoran v Banner Super Mkt.,* 19 NY2d 425, 430; *see also, Feblot v New York Times Co.,* 32 NY2d 486; *Cacciolo v Port Auth.,* 186 AD2d 528; *Finocchio v Crest Hollow Club,* 184 AD2d 491; *Birdsall v Montgomery Ward & Co.,* 109 AD2d 969, *affd* 65 NY2d 913; *Lawrence v Davos, Inc.,* 46 AD2d 41; *Koch v Otis El. Co.,* 10 AD2d 464). O'Brien, J. P., Joy, Friedmann and Krausman, JJ., concur.