■ MAVIS WILLIAMS, Respondent, v PORT AUTHORITY OF NEW YORK AND NEW JERSEY, Respondent and Third-Party Plaintiff-Respondent. OTIS ELEVATOR COMPANY, Third-Party Defendant-Appellant. [669 NYS2d 285] —Order, Supreme Court, New York County (Leland DeGrasse, J.), entered on or about March 11, 1997, denying third-party defendant Otis Elevator Company's motion for, *inter alia*, summary judgment dismissing the third-party complaint, unanimously reversed, on the law, without costs or disbursements, and the motion granted. The Clerk is directed to enter judgment in favor of third-party defendant-appellant dismissing the third-party complaint.

Otis, pursuant to a service contract with defendant, The Port Authority of New York and New Jersey, maintains and repairs the escalators at the World Trade Center, which is owned and maintained by The Port Authority. Plaintiff alleges that on October 28, 1993, she stepped onto an upward moving escalator; halfway through its ascent, she claims, the escalator suddenly reversed itself and proceeded in a downward direction, causing her to fall and injure herself. All this occurred, according to plaintiff, in a span of one or two seconds. Initially, the 70-year old plaintiff, who was carrying a cane at the time, told a responding Port Authority police officer that a "bumpy" exit from the escalator caused the fall. According to the emergency room record of Irvington General Hospital, where plaintiff was seen after the accident, "she was going up escalator at World Trade Center this AM & fell backwards." The Port Authority's police report of the accident indicates "motor stairs appeared to be normal." Its building log books contain no reference to any incident or problem with the particular escalator involved, either before or after the accident.

Otis, not named as a defendant in the complaint, moved for summary judgment dismissing the claims against it on the

ground that the manner of occurrence of the accident is an utter impossibility. This view is supported by the affidavit of an escalator design engineer, who, after a study of the deposition transcripts, maintenance records, wiring diagrams and inspection of the particular escalator, concluded that an escalator, such as here involved, cannot reverse itself from an ascent to a descent direction. To reverse direction, the expert stated, the escalator must be stopped by the use of the stop button. To restart it in the opposite direction would require a specific key to activate the switch. The expert's opinion that the accident could not have happened as plaintiff now alleges was supported by the affidavit of Otis's manager of service operations at the World Trade Center, a supervisor with 26 years of service with Otis in the maintenance and repair of elevators. Plaintiff did not counter this evidence with expert opinion of her own and argued, essentially, that the case should be submitted to a jury on the basis of res ipsa loquitur. She does little better on appeal, arguing that "the only things truly impossible in this world are the abolition of death and taxes".

Summary judgment should have been granted. On this record, plaintiff did not and cannot establish that it is even possible that the accident occurred as alleged, much less establish any negligence. The mere fact that she fell and sustained injury does not constitute negligence. (*Bernstein v City of New York*, 69 NY2d 1020; *Ingersoll v Liberty Bank*, 278 NY 1.) Otis's evidence, showing the impossibility of the accident, as alleged, went completely unchallenged. The failure to show a hypothesis from which a finding of negligence may be drawn, is, in the circumstances, fatal. Concur—Sullivan, J. P., Ellerin, Nardelli, Rubin and Tom, JJ.