■ MARGARET BASS, Appellant, v OTIS ELEVATOR COMPANY, Defendant and Third-Party Plaintiff-Respondent. CHASE MANHATTAN BANK, Third-Party Defendant. [680 NYS2d 113] —In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Kings County (Dowd, J.), dated July 25, 1997, which granted the defendant's motion for summary judgment dismissing the complaint.

Ordered that the order is affirmed, with one bill of costs payable to the respondent.

The plaintiff twisted her left foot while descending on an escalator located in a building owned and managed by the

third-party defendant, Chase Manhattan Bank, and installed and maintained by the defendant, Otis Elevator Company. At her examination before trial, the plaintiff testified that the escalator came to a complete stop. The defendant moved for summary judgment on the basis that the plaintiff failed to make a prima facie showing of negligence. The plaintiff opposed the motion, claiming merely that the case was not ripe for summary judgment. The court granted the defendant's motion for summary judgment dismissing the complaint.

Contrary to the plaintiff's contention, the doctrine of res ipsa loquitur is inapplicable to the facts of this case. The event leading to the plaintiff's injuries could have occurred in the absence of negligence. In addition, the plaintiff apparently caused or contributed to her own injury, and the offending instrumentality was not within the exclusive control of the defendant (*see, Dermatossian v New York City Tr. Auth.,* 67 NY2d 219; *Corcoran v Banner Super Mkt.,* 19 NY2d 425, 430; *see also, Feblot v New York Times Co.,* 32 NY2d 486; *Cacciolo v Port Auth.,* 186 AD2d 528; *Finocchio v Crest Hollow Club,* 184 AD2d 491; *Birdsall v Montgomery Ward & Co.,* 109 AD2d 969, *affd* 65 NY2d 913; *Lawrence v Davos, Inc.,* 46 AD2d 41; *Koch v Otis El. Co.,* 10 AD2d 464). Rosenblatt, J. P., Ritter, Copertino and McGinity, JJ., concur.