■ CHRISTOPHER GREER et al., Appellants, v LONG ISLAND LIGHTING COMPANY, Respondent. (And Another Action.) [687 NYS2d 394] —In an action to recover damages for personal injuries, etc., the plaintiffs appeal, as limited by their brief, from so much of a judgment of the Supreme Court, Nassau County (Driscoll, J.), entered February 24, 1998, as, upon a jury verdict in favor of the defendant and against them, dismissed their action.

Ordered that the judgment is affirmed insofar as appealed from, with costs.

The plaintiffs commenced this action against Long Island

Lighting Company (hereinafter LILCO) to recover damages for personal injuries sustained by Christopher Greer when an alleged high voltage surge melted a circuit breaker panel at his home, started a fire, and caused him to suffer an electrical shock while he was attempting to put out the fire. After the jury returned a verdict in favor of LILCO, the plaintiffs moved to set aside the verdict as against the weight of the evidence. The Supreme Court denied the motion and we affirm.

Under the circumstances of this case, it cannot be said that the jury's verdict could not have been reached upon any fair interpretation of the evidence (see, Carotenuto v Harran Transp. Co., 226 AD2d 334; Keegan v Prout, 215 AD2d 629; Martin v McLaughlin, 162 AD2d 181, 184; Nicastro v Park, 113 AD2d 129). Accordingly, the verdict was not against the weight of the evidence (see, Heineman v Long Is. Light. Co., 185 AD2d 334).

Contrary to plaintiffs' contention, the trial court properly refused to charge the jury that it might infer that LILCO was negligent pursuant to the doctrine of res ipsa loquitur. There was evidence that the plaintiff contributed to his own injury, inter alia, by failing to properly maintain the water pipe ground at his home (see, Kambat v St. Francis Hosp., 89 NY2d 489, 495; Bass v Otis El. Co., 255 AD2d 284). O'Brien, J. P., Ritter, Thompson and Joy, JJ., concur.