■ JAMES PETRO, JR., Appellant, v NEW YORK LIFE INSURANCE COMPANY et al., Respondents, et al., Defendant. [715 NYS2d 725] —In an action to recover damages for personal injuries, the plaintiff appeals, as limited by his brief, from so much of an order of the Supreme Court, Queens County (Posner, J.), entered May 26, 1999, as granted the separate motions of the defendants New York Life Insurance Company and Otis Elevator Company for summary judgment dismissing the complaint insofar as asserted against them.

Ordered that the order is affirmed insofar as appealed from, with one bill of costs.

The plaintiff commenced this action to recover damages for personal injuries sustained when he moved a piece of heavy equipment on a dolly into an elevator, causing it to drop suddenly. The elevator was owned by the defendant New York Life Insurance Company and serviced by the defendant Otis Elevator Company (hereinafter Otis).

It is well settled that "[a]n elevator company which agrees to maintain an elevator in safe operating condition may be liable to a passenger for failure to correct conditions of which it has knowledge or failure to use reasonable care to discover and correct a condition which it ought to have found" (*Rogers v Dorchester Assocs.*, 32 NY2d 553, 559). Otis made a prima facie showing that it did not have actual or constructive notice of the allegedly dangerous condition (*see, Tashjian v Strong & Assocs.*, 225 AD2d 907). Moreover, the Otis repair records and the deposition testimony of the parties and witnesses establish that Otis properly maintained the elevator. Similarly, New York Life Insurance Company demonstrated the absence of notice of a dangerous or defective condition in the elevator (*see, Tashjian v Strong & Assocs., supra*).

In opposition to the motions, the plaintiff submitted the affidavit of an expert who never examined the elevator in question, outlining several possible mechanical explanations for the elevator's sudden movement. However, the expert's conclusory allegations did not raise a triable issue of fact (*see, Zuckerman v City of New York*, 49 NY2d 557).

Contrary to the plaintiff's contention, the doctrine of res ipsa loquitur is inapplicable. The elevator was not within the exclusive control of the respondents and there is evidence that the plaintiff's own actions contributed to the accident (*see, Ebanks v New York City Tr. Auth.*, 70 NY2d 621; *Dermatossian v New York City Tr. Auth.*, 67 NY2d 219; *Braithwaite v Equitable Life Assur. Socy.*, 232 AD2d 352). Bracken, J. P., Thompson, Altman and McGinity, JJ., concur.