■ KATERINA GEORGAS et al., Respondents, v MAYS DEPARTMENT STORES, INC., Doing Business as LORD & TAYLOR, et al., Appellants. [749 NYS2d 151] —In an action to recover damages for personal injuries, etc., the defendants separately appeal, as limited by their respective briefs, from so much of an order of the Supreme Court, Nassau County (Warshawsky, J.), dated January 23, 2001, as, in effect, granted the plaintiffs' oral applications pursuant to CPLR 4404 to set aside the jury verdict in favor of the defendants as against the weight of the evidence, and pursuant to CPLR 4401 for judgment as a matter of law on the issue of liability made at the close of evidence.

Ordered that on the Court's own motion, the notices of appeal are treated as applications for leave to appeal, and leave to appeal is granted (see CPLR 5701 [c]); and it is further,

Ordered that the order is reversed, on the law, the plaintiffs' applications are denied, and the verdict in favor of the defendants is reinstated; and it is further,

Ordered that one bill of costs is awarded to the appellants.

The plaintiffs commenced this action after the infant plaintiff, Katerina Georgas, was injured while riding an escalator in a Lord & Taylor department store. During the trial, the court reserved decision on the parties' respective motions for judgment as a matter of law. After the jury found in favor of the defendants, the court granted the plaintiffs' motion to set aside the verdict as against the weight of the evidence. Thereafter, the court granted the plaintiffs' previously-made motion for judgment as a matter of law. We reverse.

"A trial court's grant of a CPLR 4401 motion for judgment as a matter of law is appropriate where the trial court finds that, upon the evidence presented, there is no rational process by which the fact trier could base a finding in favor of the non-moving party" (*Szczerbiak v Pilat,* 90 NY2d 553, 556; *see also State Farm Ins. Co. v Amana Refrig.,* 266 AD2d 372; *Schriber v Melroe Co.,* 273 AD2d 650). Furthermore, "[t]he mere fact that an accident occurs does not mean that a defendant is liable unless the plaintiff can show how the defendant's breach of some duty caused or contributed to the plaintiff's mishap" (*Braithwaite v Equitable Life Assur. Socy. of U.S.,* 232 AD2d 352, 353; *see also Bernstein v City of New York,* 69 NY2d 1020).

Although the infant plaintiff was injured due to an alleged

defect within the escalator, based on the evidence adduced at trial, the jury rationally found that the defendants were not negligent in their maintenance and operation of the escalator (*see Braithwaite v Equitable Life Assur. Socy. of U.S., supra*; *Birdsall v Montgomery Ward & Co.,* 109 AD2d 969, *affd* 65 NY2d 913). There was also no proof of any actual or constructive notice regarding the allegedly unsafe condition (*see Petro v New York Life Ins. Co.,* 277 AD2d 213; *Ward v Lawrence,* 225 AD2d 688).

Accordingly, the court should not have set aside the verdict in favor of the defendants as against the weight of the evidence or directed judgment as a matter of law in favor of the plaintiffs, and the jury verdict must be reinstated. Santucci, J.P., Florio, Smith and Schmidt, JJ., concur.