■ ISHMAIEL HARDY et al., Appellants, v LOJAN REALTY CORP. et al., Respondents. [755 NYS2d 901] —In an action to recover damages for personal injuries, the plaintiffs appeal, as limited by their brief, from so much of an order of the Supreme Court, Kings County (Dowd, J.), dated January 22, 2002, which granted the separate motions of the defendants Lojan Realty Corp., Investment Properties Associates, Marilyn Edith Silvershein, individually and with Bankers Trust Company, Joan Marcia Wolfson, Bertie Wolfson, and Helmsley-Noyes Co., Inc., and the defendant Central Elevator, Inc., for summary judgment dismissing the complaint insofar as asserted against them.

Ordered that the order is affirmed insofar as appealed from, with one bill of costs payable to the respondents appearing separately and filing separate briefs.

The defendants, who owned, operated and/or serviced and maintained an elevator that allegedly free-fell and came to an abrupt stop after a mainline fuse blew, met their prima facie burden of demonstrating that they had no notice of a similar recurring problem with the elevator, and demonstrated with affidavits of an elevator mechanic and an expert elevator consultant that the allegations were physically and mechanically impossible (see Williams v Port Auth. of N.Y. & N.J., 247 AD2d 296 [1998]; Braithwaite v Equitable Life Assur. Socy. of U.S., 232 AD2d 352 [1996]; Loughlin v City of New York, 186 AD2d 176, 177 [1992]). The plaintiffs failed to submit evidence in admissible form to counter the defendants' prima facie showing that the elevator functioned properly (see Braithwaite v Equitable Life Assur. Socy. of U.S., supra). Moreover, the doctrine of res ipsa loquitur is inapplicable, because the plaintiffs did not demonstrate that the elevator stoppage was the type of event that would not ordinarily occur absent negligence (see Kambat v St. Francis Hosp., 89 NY2d 489, 494 [1997]; Dermatossian v New York City Tr. Auth., 67 NY2d 219, 226 [1986]; Koch v Otis El. Co., 10 AD2d 464, 466 [1960]). Therefore, the defendants were entitled to summary judgment dismissing the complaint. Feuerstein, J.P., Friedmann, Schmidt and Mastro, JJ., concur.