■ EILEEN KNOX et al., Appellants, v MARSHA FOSTINI, Respondent. [760 NYS2d 508] —In an action to recover damages for personal injuries, etc., the plaintiffs appeal from an order of the Supreme Court, Westchester County (Cowhey, J.), entered March 21, 2002, which granted the defendant's motion for summary judgment dismissing the complaint.

Ordered that the order is affirmed, with costs.

The injured plaintiff, Eileen Knox, a visiting nurse, injured her shoulder while repositioning a bedridden patient. The bed was supported by telephone books of similar size under each leg. The plaintiffs sued Marsha Fostini, the patient's daughter, claiming that she created a dangerous condition. The defendant moved for summary judgment asserting, inter alia, that there is no evidence that the books were a substantial cause of the plaintiff's accident. The Supreme Court granted the defendant's motion for summary judgment. We affirm.

The injured plaintiff testified that, as she repositioned the patient, the book at the top right hand corner of the bed shifted, causing her shoulder to snap. The injured plaintiff further testified, however, that she could not state which occurred first, the bed shifting or her shoulder snapping. Where, as here, there are several possible causes of injury, for one or more of which the defendant is not responsible, the plaintiffs cannot recover without proving the injury was sustained wholly or in part by a cause for which the defendant was responsible (*see Braithwaite v Equitable Life Assur. Socy. of U.S.,* 232 AD2d 352 [1996]).

The defendant established her prima facie entitlement to summary judgment. The burden then shifted to the plaintiffs to produce evidentiary proof in admissible form establishing the existence of a triable issue of fact (*see Alvarez v Prospect Hosp.,* 68 NY2d 320 [1986]; *Zuckerman v City of New York,* 49 NY2d 557 [1980]). The plaintiffs failed to do so. Accordingly, the Supreme Court properly awarded summary judgment dismissing the complaint. Altman, J.P., Smith, McGinity and Crane, JJ., concur.