■ PAULETTE MILLER, Respondent, v SCHINDLER ELEVATOR CORPORATION, Appellant. [763 NYS2d 826] —Order, Supreme Court, Bronx County (Jerry Crispino, J.), entered May 14, 2002, which denied defendant's motion for summary judgment dismissing the complaint, unanimously affirmed, without costs.

Plaintiff seeks damages for injuries she allegedly sustained as the result of the alleged malfunction of an elevator exclu-

sively maintained by defendant. Plaintiff claims that, after she entered the elevator on the first floor and pressed the button for the basement, the elevator dropped suddenly, causing her to fall. The certified elevator mechanic employed by defendant who responded to plaintiff's call for help found that the elevator was stopped about three feet above the basement level, and that the emergency stop switch had been manually activated. The mechanic testified that, about an hour after the incident, he tested the elevator and found that it was functioning properly in all respects and required no repairs.

In opposing defendant's motion for summary judgment, plaintiff relied on the doctrine of res ipsa loquitur and did not offer any expert evidence contradicting the finding of defendant's mechanic that the elevator was free of defect immediately after the accident. In response to defendant's contention that plaintiff caused her own mishap by activating the emergency stop switch, plaintiff denied that she had activated the switch "prior to the crash." The IAS court denied defendant's motion for summary judgment, and we affirm.

The doctrine of res ipsa loquitur, which may be invoked against a defendant that exclusively maintained an allegedly malfunctioning elevator (*see Rodriguez v Serge El. Co.*, 99 NY2d 587 [2003]), allows the factfinder to infer negligence from the mere happening of an event where the plaintiff presents evidence (1) that the occurrence would not ordinarily occur in the absence of negligence, (2) that the injury was caused by an agent or instrumentality within the exclusive control of defendant, and (3) that no act or negligence on the plaintiff's part contributed to the happening of the event (*see e.g. States v Lourdes Hosp.*, 100 NY2d 208). On this record, plaintiff is entitled to invoke the doctrine based on her testimony that the elevator began falling when she pushed the button for the basement, which testimony must be treated as true on defendant's motion for summary judgment. Although defendant presented competent, albeit conclusory, evidence that the elevator was not malfunctioning immediately after the incident, plaintiff's testimony to the effect that a malfunction actually occurred is sufficient to create a triable issue of fact. We note that defendant has not offered expert evidence to the effect that the occurrence as described by plaintiff is a physical or mechanical impossibility (*cf. Hardy v Lojan Realty Corp.*, 303 AD2d 457 [2003]; *Williams v Port Auth.*, 247 AD2d 296, 296-297 [1998]; *Braithwaite v Equitable Life Assur. Socy.*, 232 AD2d 352, 353 [1996]).

It is unavailing for defendant to argue that the evidence that

plaintiff activated the emergency stop switch makes it impossible for her to establish that she did not contribute to the occurrence of the event, since the emergency stop switch manifestly was not intended to cause the elevator to go into free fall. To the extent plaintiff activated the emergency stop switch in response to a sudden drop of the elevator, such action taken to minimize the ultimate impact of the fall would not render the doctrine of res ipsa loquitur inapplicable. Whether there was such a sudden drop, or, alternatively, plaintiff needlessly activated the emergency stop switch while the elevator was moving normally, thereby causing her own injuries by inducing a sudden stop, is a question to be answered at trial. Concur—Mazzarelli, J.P., Andrias, Friedman, Marlow and Gonzalez, JJ.