ROBIN RUSSELL, Individually and as Administratrix of the Estate of RONALD L. RUSSELL, Deceased, Respondent, v CITY OF BUFFALO et al., Appellants. [814 NYS2d 449]—

Appeal from an order of the Supreme Court, Erie County (Joseph D. Mintz, J.), entered June 17, 2004 in a personal injury and wrongful death action. The order, among other things, denied defendants' motion for summary judgment dismissing the amended complaint.

It is hereby ordered that the order so appealed from be and the same hereby is unanimously affirmed without costs.

Memorandum: Plaintiff commenced this personal injury and wrongful death action, individually and on behalf of her husband (decedent), who was killed when a vehicle owned by defendant City of Buffalo and driven by defendant Thomas Bluff, an on-duty police officer, collided with the motorcycle driven by decedent. Supreme Court properly denied defendants' motion for summary judgment dismissing the amended complaint. Defendants contended in support of their motion that plaintiff's version of events was a physical impossibility because the accident occurred off the roadway. Even assuming, arguendo, that defendants met their initial burden, we conclude that plaintiff raised a triable issue of fact with respect to that issue (*see generally Zuckerman v City of New York*, 49 NY2d 557, 562 [1980]). Plaintiff submitted the affidavits of two eyewitnesses to the accident, who averred that they witnessed the accident and observed the police vehicle driving onto the travel portion of the roadway into the path of decedent's oncoming motorcycle, and defendants offered no evidence to support their contention that the version of the accident set forth by plaintiff's eyewitnesses was a physical impossibility (*cf. Hardy v Lojan Realty Corp.*, 303 AD2d 457 [2003]; *Braithwaite v Equitable Life Assur. Socy. of U.S.*, 232 AD2d 352 [1996]).

We agree with defendants that the court erred in determining that they improperly raised for the first time in their reply papers the issue whether decedent was negligent as a matter of law because he was speeding and was intoxicated at the time of

the accident. Rather, the record establishes that defendants adequately raised that issue in their initial moving papers. Nevertheless, we conclude that the issue concerning decedent's negligence as a matter of law based on speeding is now moot because a trial has since been conducted, and the court charged the jury that decedent was speeding and thus was negligent as a matter of law. We further conclude that, although defendants met their initial burden on the motion with respect to decedent's negligence as a matter of law based on intoxication, plaintiff raised an issue of fact whether decedent was intoxicated by submitting the affirmation of a certified anatomic and clinical pathologist and the affidavit of an engineer/accident reconstructionist (*see generally Zuckerman*, 49 NY2d at 562). Present—Pigott, Jr., P.J., Hurlbutt, Scudder, Smith and Pine, JJ.