■ AUREA COLON, Respondent, v NEW YORK CITY HOUSING AUTHORITY, Appellant. [66 NYS3d 237]—

Order, Supreme Court, Bronx County (Sharon A.M. Aarons, J.), entered September 15, 2016, which denied defendant's motion for summary judgment dismissing the complaint, unanimously affirmed, without costs.

Plaintiff alleges that she suffered injuries when the elevator in a building owned by defendant fell from the 20th to the 11th floor. While defendant demonstrated a lack of actual or constructive notice of an elevator defect that would cause such a malfunction (*see Meza v 509 Owners LLC*, 82 AD3d 426, 427 [1st Dept 2011]), it is not entitled to dismissal of the action because plaintiff can rely on the doctrine of res ipsa loquitur to prove negligence (*see Ezzard v One E. Riv. Place Realty Co., LLC*, 129 AD3d 159, 162-163 [1st Dept 2015]; *Stewart v World El. Co., Inc.*, 84 AD3d 491 [1st Dept 2011]).

Plaintiff submitted evidence to support each of the elements of res ipsa loquitur, namely "(1) that the occurrence would not ordinarily occur in the absence of negligence, (2) that the injury was caused by an agent or instrumentality within the exclusive control of defendant, and (3) that no act or negligence on the plaintiff's part contributed to the happening of the event" (*Miller v Schindler El. Corp.*, 308 AD2d 312, 313 [1st Dept 2003]; *see also Rodriguez v Serge Els. Co.*, 99 NY2d 587 [2003]). The testimony of plaintiff, together with that of a witness who was in the elevator with her when the elevator allegedly dropped, is sufficient to raise an issue of fact as to whether the elevator did in fact drop suddenly (*see Stewart v World El. Co., Inc.*, 84 AD3d 491 [1st Dept 2011]). A free-fall or sudden drop of an elevator does not ordinarily happen in the absence of negligence (*id.*). We reject, as we have previously, defendant's argument that it lacked exclusive control of the elevator because a passenger in the elevator activated the emergency stop button and jumped to try to stop the free fall once the elevator suddenly dropped (*see Miller* at 314). Although it is not necessary to consider the affidavit of plaintiff's expert witness, we note that plaintiff's testimony is also supported by the opinion of her expert, who explained how the accident could have occurred as plaintiff described. The expert affidavit is properly part of the appellate record since it was submitted by defendant and expressly incorporated by plaintiff into her opposition papers.

We have considered defendant's remaining contentions and find them unavailing. Concur—Gische, J.P., Kapnick, Oing and Moulton, JJ.