Cinquemani v Otis El. Co. (2020 NY Slip Op 00532)





Cinquemani v Otis El. Co.


2020 NY Slip Op 00532


Decided on January 28, 2020


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on January 28, 2020

Kapnick, J.P., Gesmer, Oing, Singh, JJ.


10885 150507/13

[*1] Thomas J. Cinquemani, et al., Plaintiffs-Appellants,
v
Otis Elevator Company, et al., Defendants-Respondents, Boca Group East, LLC, Defendant.


Pollack, Pollack, Isaac & DeCicco, New York (Brian J. Isaac of counsel), for appellants.
Wiggin and Dana LLP, New York (Jonathan M. Freiman, Jr. of the bar of the State of Connecticut, admitted pro hac vice, of counsel), for respondents.



Order, Supreme Court, New York County (Jennifer G. Schecter, J.), entered February 26, 2018, which granted the motion of defendants Otis Elevator Company and HLT NY Waldorf, LLC for summary judgment dismissing the complaint as against them, unanimously affirmed, without costs.
Defendants established their prima facie entitlement to judgment as a matter of law in this action where plaintiff Thomas Cinquemani alleges that he was injured when an elevator in the Waldorf Astoria, where he worked, suddenly started jumping and then free fell from the 42nd floor to the 3rd floor. Defendants submitted evidence, including an expert affidavit and deposition testimony of Otis's elevator mechanic, demonstrating that plaintiff's account of how the elevator incident occurred was electrically and mechanically impossible (see Espinal v Trezechahn 1065 Ave. of the Ams., LLC, 94 AD3d 611, 613 [1st Dept 2012]; Hardy v Lojan Realty Corp., 303 AD2d 457 [2d Dept 2003]; compare Miller v Schindler El. Corp., 308 AD2d 312, 313 [1st Dept 2003]). Defendants also demonstrated lack of notice of any defect that could have caused the incident, and that what had occurred was an appropriate system activated shutdown.
In opposition, plaintiffs failed to raise a triable issue of fact. Their expert's statements that defendants were negligent were conclusory and failed to rebut defendants' showing that it was impossible for the incident to have occurred in the manner plaintiffs allege (see Forde v Vornado Realty Trust, 89 AD3d 678, 679 [2d Dept 2011]; compare Colon v New York City Hous. Auth., 156 AD3d 406, 407 [1st Dept 2017]). Nor can plaintiffs rely on the doctrine of res ipsa loquitur, as they failed to demonstrate that the elevator stoppage in this case was the type of event that would not ordinarily occur in the absence of negligence (see Espinal at 614; Hardy at 457).
We have considered plaintiffs' remaining arguments and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: JANUARY 28, 2020
CLERK