Ford v Campus Realty LLC (2024 NY Slip Op 01776)

Ford v Campus Realty LLC

2024 NY Slip Op 01776

Decided on April 02, 2024

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: April 02, 2024

Before: Oing, J.P., Friedman, Gesmer, Shulman, Rodriguez, JJ. 

Index No. 452000/17 Appeal No. 1957 Case No. 2022-05656 

[*1]Nikole Ford, Respondent-Appellant,
v
Campus Realty LLC, Appellant-Respondent, Amber Elevator Inspections, Inc., et al., Defendants-Respondents.

Kaufman Dolowich & Voluck, LLP, White Plains (Matthew J. Rosen of counsel), for appellant-respondent.
The Altman Law Firm, PLLC, Woodmere (Michael T. Altman of counsel), for respondent-appellant.
The Law Offices of Shahab Katirachi, New York (Diane L. DeVita of counsel), for respondents.

Order, Supreme Court, New York County (Shlomo Hagler, J.), entered November 22, 2022, which denied the motion of defendant Campus Realty LLC for summary judgment dismissing the complaint as against it and on its common-law indemnification claims against Amber Elevator Inspections, Inc., and granted Amber's motion for summary judgment dismissing the complaint as against it, unanimously affirmed, without costs.
Plaintiff was allegedly injured when an elevator in a building owned by Campus Realty skipped floors and crashed into the basement. Amber had a contract to maintain the elevator. The contract expressly stated that Amber did not "assume any management or control" of the elevator equipment, which remained "exclusively" with Campus, and that Amber was not required to make repairs but only to perform monthly maintenance.
The court properly concluded that Amber sustained its burden of demonstrating that it was not liable for plaintiff's injuries because it owed no duty to her as she was not a party to the maintenance contract and none of the exceptions in Espinal v Melville Snow Contrs, (98 NY2d 136, 140 [2002]) applied. No evidence was presented that Amber launched a force or instrument of harm by making the elevator less safe than it was before Amber performed maintenance services or that it placed plaintiff in a more vulnerable position than she would have been in had it done nothing (see Stiver v Good & Fair Carting & Moving, Inc, 9 NY3d 253, 257 [2007]). The second exception also does not apply since there was no evidence that plaintiff relied on Amber's performance of its duties, and with respect to the third exception, the contract expressly stated that Campus retained "exclusive" control over repairs to the elevator and that Amber was only responsible for maintenance. The uncontroverted testimony of Amber's owner and manager was that no repairs were performed without approval by Campus.
Campus's motion for summary judgment was properly denied in light of the triable issues of fact concerning whether the incident happened as plaintiff stated based on the conflicting affidavits of the parties' experts. Moreover, the testimony of Amber's owner and manager raised an issue of fact concerning Campus' notice of the problems with the elevator. There are also issues as to the applicability of the doctrine of res ipsa loquitur (see Maroonick v Rae Realty, LLC, 205 AD3d 423 [1st Dept 2022]). The evidence presented raised a triable issue of fact in that a jury may find that an elevator skipping floors, crashing into the basement, and then ascending to the lobby does not ordinarily occur in the absence of negligence (see Lonigro v WFP Tower B. Co. L. P., 199 AD3d 573, 574 [1st Dept 2021]), and evidence was presented that the elevator was in Campus' exclusive control at the time of the incident (see Colon v New York City Hous. Auth., 156 AD3d 406, 407 [1st Dept 2017]).
Summary judgment on Campus' common-law indemnification claim was properly denied[*2]. Issues of fact exist as to its negligence in failing to upgrade the elevator despite tenant complaints, the proposals submitted to it by Amber, and the violations issued by the City (see McCarthy v Turner Constr., Inc, 17 NY3d 369, 377-378 [2011]).THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: April 2, 2024