■ LUCY M. SIRIGIANO, Respondent, v OTIS ELEVATOR COMPANY, Appellant, and STUYVESANT PLAZA, INC., Respondent.— Levine, J. Appeal from a judgment of the Supreme Court in favor of plaintiff against defendant Otis Elevator Company, entered January 29, 1985 in Albany County, upon a verdict rendered at Trial Term (Cobb, J.).

Plaintiff was injured when she tripped and fell as she was exiting an elevator in a building owned by defendant Stuyvesant Plaza, Inc. (Plaza). The alleged cause of the accident was the failure of the elevator to properly level at the floor when it came to a stop. Pursuant to an agreement with Plaza, defendant Otis Elevator Company (Otis) was responsible for maintaining the elevators in the building. Plaintiff brought the instant action claiming that Plaza and Otis were negligent with respect to the inspection and maintenance of the subject elevator.

At the close of the evidence, the trial court granted Plaza's motion to dismiss the complaint as against it on the ground that Plaza did not have notice of the defective condition regarding the elevator. The case was then submitted to the jury with instructions on res ipsa loquitur and ordinary negligence, and on plaintiff's culpable conduct, if any. The jury held Otis liable, fixed damages at $25,000, and apportioned fault at 55% for Otis and 45% for plaintiff. This appeal by Otis ensued.

Otis contends that the judgment must be reversed because the evidence establishing its negligence was insufficient, the trial court erroneously charged res ipsa loquitur and dismissed the complaint as against Plaza, and the verdict was excessive.

There was clearly sufficient evidence from which a jury could have inferred negligent maintenance and inspection by Otis. Otis' maintenance employees testified that an inspection immediately after the accident showed that the elevator in question did not level properly as a result of a broken bakelite, a mechanism which controlled the leveling process from the building's machine room. The employees further stated that a visual inspection of the mechanism was a part of the regular maintenance that Otis undertook pursuant to its

agreement and that such inspection would have revealed the defective condition. Plaintiff introduced testimony from a total of five witnesses employed in the building by one of the tenants, the State Division of Criminal Justice Services, to the effect that misleveling had occurred over a period of six months immediately prior to the accident, including one instance where one such employee fell and broke her wrist in a similar accident. From this evidence, the jury certainly could have found that the defect in the leveling mechanism had been in existence for a sufficiently lengthy period of time that it ought to have been discovered and rectified in the exercise of Otis' duty of reasonable care in conducting its contractual obligation to inspect and repair *(see, Rogers v Dorchester Assoc.,* 32 NY2d 553, 560-561; *Smith v Jay Apts.,* 33 AD2d 624, *lv denied* 26 NY2d 609).

Upon the basis of the proof of the long-standing existence of the defect and the evidence that it was readily discoverable upon inspection, the res ipsa loquitur charge was appropriate *(see, Smith v Jay Apts., supra).* The case of *Birdsall v Montgomery Ward & Co.* (109 AD2d 969, *affd* 65 NY2d 913), relied upon by Otis, is readily distinguishable, since in that case there was no proof of any long-term existence of the defect in the escalator and, in fact, the evidence showed that the defect could have arisen so close to the occurrence of the malfunction causing the accident that there would not have been any opportunity to inspect and discover it. In any event, Otis' objection to the charge must fail. No exception was taken to that charge and, thus, any error was not preserved for review *(see, Meyers v Fifth Ave. Bldg. Assoc.,* 90 AD2d 824, 825).

We are similarly unpersuaded by Otis' claim that the complaint should not have been dismissed as against Plaza so that damages could have been apportioned between Plaza and Otis. Although Plaza had a nondelegable duty to plaintiff to maintain and repair the elevator *(see, Rogers v Dorchester Assoc., supra,* p 562), unless Plaza had actual notice of the malfunction, its liability was vicarious only; Otis, who contractually undertook to provide inspection and maintenance on behalf of Plaza, was the party primarily liable *(see, Rogers v Dorchester Assoc., supra,* pp 562-563; *Smith v Jay Apts., supra; see also, Jackson v Associated Dry Goods Corp.,* 13 NY2d 112, 116-117). Since there was no proof of actual notice to Plaza of the defect in the elevator, any judgment against Plaza would have given rise to a right of full indemnification, without apportionment, against Otis *(see, Rogers v Dorchester Assoc., supra).* Consequently, Otis was not entitled to any apportionment of liabil-

ity as between it and Plaza and therefore was not aggrieved by the dismissal.

Otis' remaining contention, that the verdict was excessive, is similarly without merit. Plaintiff submitted medical proof that her fall aggravated preexisting medical conditions including neuralgia, sciatica and thrombophlebitis. As a result, plaintiff incurred numerous medical bills, her physical activities were restricted and she was advised to take an early retirement. The award of $25,000 is not so disproportionate to the injury and its consequences as to shock the conscience of the court *(see, Hutchins v Gorlicki,* 92 AD2d 1000, 1001, *appeal dismissed* 61 NY2d 757), especially in light of Otis' failure to offer any evidence in contradiction to plaintiff's claims *(see, MacIver v Lyon,* 43 AD2d 806, 807).

Judgment affirmed, with one bill of costs. Mahoney, P. J., Kane, Weiss, Mikoll and Levine, JJ., concur.