■ THERESA WARNER, Respondent, v HISTORIC HUDSON RIVER HERITAGE DEVELOPMENT COMPANY, INC., Respondent, and MIDSTATE ELEVATOR COMPANY, INC., Appellant. [652 NYS2d 884] —White, J. Appeal from an order of the Supreme Court (Keegan, J.), entered November 16, 1995 in Albany County, which, inter alia, granted a motion by defendant Historic Hud-

son River Heritage Development Company, Inc. for summary judgment granting it indemnification against defendant Midstate Elevator Company, Inc.

Defendant Historic Hudson River Heritage Development Company, Inc. is the owner of a building located at 40 Howard Street in the City of Albany. During the relevant time period, Historic Hudson leased a portion of the building to the County of Albany and had a contract with defendant Midstate Elevator Company, Inc. for the maintenance and repair of an elevator in the building.

On January 2, 1992, plaintiff, a cleaning lady employed by the Albany County Department of Social Services, was injured when she fell exiting the elevator which she contends was not level with the floor. Plaintiff thereafter commenced this negligence action and defendants moved for summary judgment dismissing the complaint, with Historic Hudson also moving for indemnification against Midstate. Supreme Court denied the motions to dismiss but granted Historic Hudson's motion for indemnification, and Midstate now appeals.

Midstate contends that its motion for summary judgment should have been granted since it had neither actual knowledge of the defect nor failed to use reasonable care to correct a condition of which it should have been aware (*see, Tashjian v Strong & Assocs.*, 225 AD2d 907). To support its argument, Midstate submitted the affidavit of the mechanic who performed twice monthly inspections of the elevator and responded to service calls. He stated that no reports of misleveling were made during 1991 and that he performed a regular bi-monthly inspection on the morning of January 2, 1992, several hours prior to the accident, at which time there was no misleveling problem. Further, the elevator was examined five days after the accident, and there was no indication of any misleveling. In addition, Midstate submitted the affidavit of its general manager who affirmed that although Midstate had made a number of service calls concerning said elevator pursuant to its service agreement during the year prior to January 2, 1992, none of these calls related to misleveling difficulties.

Plaintiff testified at an examination before trial that there had been a number of occasions where there had been a problem with the elevator misleveling, which had been reported to plaintiff's supervisor in the Department of Social Services. In addition, she stated that she had observed the elevator mislevel on several occasions prior to January 2, 1992, including once a few weeks before the accident.

Since summary judgment is a drastic remedy which should

not be granted where there is any question as to the existence of a triable issue of fact, all competent evidence must be examined in a light most favorable to the plaintiff (*see, Foresite Props. v Halsdorf*, 172 AD2d 929, 930). Based upon plaintiff's testimony concerning her observations of the erratic behavior of the elevator, together with the record of approximately 30 service calls made by Midstate in connection with said elevator during 1991, at least one of which apparently involved misleveling, we find that sufficient proof has been adduced to deny Midstate's motion for summary judgment (*see, Walden v Otis El. Co.*, 178 AD2d 878, 879, *lv denied* 79 NY2d 758; *Smith v Jay Apts.*, 33 AD2d 624, *lv denied* 26 NY2d 609).

As to Historic Hudson's claim for indemnification, although an owner has a nondelegable duty to repair and maintain its building, any liability must be predicated upon a failure to correct a condition about which they had actual knowledge or a showing that there was a failure to use reasonable care in correcting a condition which should have been found (*see, Rogers v Dorchester Assocs.*, 32 NY2d 553). Here the evidence demonstrates that Historic Hudson had no actual notice of the alleged misleveling problems and had an exclusive maintenance contract which obligated Midstate to perform all inspections, maintenance and repairs of the elevator in question. Since Midstate has voluntarily undertaken this broad responsibility, we find that it is obligated to indemnify Historic Hudson for any damages recovered by plaintiff in the underlying negligence action (*see, Mas v Two Bridges Assocs.*, 75 NY2d 680, 687-688; *Rogers v Dorchester Assocs.*, *supra*, at 562; *Camaj v East 52nd Partners*, 215 AD2d 150, 152; *Sirigiano v Otis El. Co.*, 118 AD2d 920, 921, *lv denied* 68 NY2d 604).

Mercure, J. P., Casey, Peters and Carpinello, JJ., concur. Ordered that the order is affirmed, with costs.