■ RUDOLFO ORTIZ et al., Plaintiffs, v FIFTH AVENUE BUILDING ASSOCIATES et al., Appellants, and MILLAR ELEVATOR

COMPANY, Respondent. [674 NYS2d 360] —Order, Supreme Court, New York County (Carol Arber, J.), entered on or about December 10, 1996, denying the motion of defendants Fifth Avenue Building Associates and Helmsley-Spear, Inc. (collectively, owner) for summary judgment on their cross-claim against codefendant Millar Elevator Company, unanimously reversed, on the law, with costs and disbursements, and the motion granted.

Plaintiff claims to have been injured on February 24, 1993 when he fell exiting a mislevelled elevator at 1107 Broadway in New York City. As the record shows, there were no complaints prior to the accident about the workings of the elevator in question. Defendant Millar had entered into an agreement, dated December 18, 1992, with the owner to maintain the building's elevators. This agreement, which was in effect on the day of the accident, contains a provision indemnifying and holding harmless the owner against all damages, including attorney's fees, for bodily injury "caused by the negligence or wilful act of [Millar], its agents, employees or subcontractors, or other persons for whose acts [Millar] is liable." After joinder of issue and the apparent completion of discovery, the owner moved for summary judgment on its cross-claim against Millar for contractual indemnification. Conceding its non-delegable duty to maintain the building's elevators in a reasonably safe condition (*see*, Multiple Dwelling Law § 78; *see also, Mas v Two Bridges Assocs.*, 75 NY2d 680, 685), the owner argued that, absent any showing of actual negligence on its part, as is the case here, it is entitled to contractual indemnification from Millar, which, under the exclusive, full-service contract, assumed responsibility for the maintenance, repair, inspection and servicing of the elevators. In opposing the motion, Millar did not take issue with the owner's assertion that it had, through the maintenance contract, "fully delegated all responsibility for maintenance and repair to Millar." Rather, in an attorney's affirmation, Millar argued that issues of fact existed as to the owner's "culpable conduct and responsibility in the instant case," including the owner's "failure to act within a reasonable period of time in relation to an elevator that [it was] aware was dangerous and allegedly defective." These conclusory statements, not based on personal knowledge, are insufficient to defeat summary judgment. (*See, Mascoli v Mascoli*, 129 AD2d 778.) Given the lack of any showing of active negligence on the part of the owner, any finding of negligence in this case would be based solely on the acts or omissions of Millar, although attributable by statute to the owner. In such circumstances, Millar, which assumed a contractual duty to maintain the elevators, is liable for the full amount of any

recovery as well as the owner's legal fees in defending this action. (*Mas v Two Bridges Assocs., supra,* at 687-688; *Rogers v Dorchester Assocs.,* 32 NY2d 553.) Thus, the owner is entitled to conditional summary judgment on its cross-claim for contractual indemnification in advance of any factual determination that Millar was negligent and a showing of loss by the owner. (*McCabe v Queensboro Farm Prods.,* 22 NY2d 204, 208-209; *Bello v Lefrak,* 236 AD2d 571, 572; *Warner v Historic Hudson Riv. Heritage Dev. Co.,* 235 AD2d 987, 989.) Concur—Sullivan, J. P., Rosenberger, Ellerin, Nardelli and Andrias, JJ.