■ BURHAN RULI et al., Respondents, v HIRO ENTERPRISE et al., Appellants, and PS MARCATO ELEVATOR CO., INC., Respondent. [748 NYS2d 373] —Order, Supreme Court, New York County (Leland DeGrasse, J.), entered January 11, 2002, which, in an action for personal injuries sustained by a maintenance man for a building undergoing alteration, denied the general contractor's motion for summary judgment dismissing the complaint as against it, and denied the owners' motion for summary judgment dismissing the complaint as against them

and for summary judgment on their causes of action for common-law and contractual indemnification against the elevator maintenance company, unanimously modified, on the law, to dismiss the complaint as against the owners and to award them judgment for contractual indemnification against the elevator maintenance contractor for their expenses in defending this action, and otherwise affirmed, without costs.

It appears that plaintiff's responsibilities included operating one of several service elevators that was being used by the demolition subcontractor to remove debris from upper floors. After waiting several minutes for a demolition worker to come down and remove a heavy container of debris from the elevator, plaintiff attempted to remove the container himself. While doing so, the elevator moved up several feet, causing the container, already partially out of the elevator, to tip and fall on top of him. It further appears that the elevator in question had been shaking and misleveling for a month before the accident; that plaintiff had complained to building management about these problems; and that the elevator had gotten stuck the day of the accident and was repaired by the elevator maintenance company only an hour before the accident. The elevator maintenance company claims that it was unaware of any complaints about the elevator misleveling or jumping, and that when a heavy load is taken off an elevator like the one in question, with a weight capacity of 3,000 pounds and designed for messengers and people with packages and not freight, the elevator can relevel upward as part of its normal functioning.

A clear issue of fact exists as to whether the upward movement of the elevator was a malfunction or a normal response to the removal of an overload. The general contractor, who was on site almost every day and admits that it exercised supervisory control over the demolition work, can be held liable for the demolition subcontractor's negligence (*see Ross v Curtis-Palmer Hydro-Elec. Co.*, 81 NY2d 494, 505). In the latter regard, the motion court correctly held that issues of fact exist as to whether there was negligence in using the lighter-capacity elevator to remove debris or in overloading it, and in failing to have a worker present to remove the container (*see Derdiarian v Felix Contr. Corp.*, 51 NY2d 308, 315). However, in view of the owners' contract with the elevator company under which the latter assumed full responsibility to maintain the elevator in question, the motion court incorrectly found issues of fact as to whether the owners were negligent in not shutting the elevator down completely for a more thorough overhaul or prohibiting its use for removal of heavy objects (*see Mas v Two Bridges*

*Assoc.*, 75 NY2d 680, 687-688). Accordingly, we modify to dismiss the complaint as against the owners. In addition, in view of the indemnification provision of that contract, which covers not only claims of third parties for personal injuries but also the owners' expenses in defending or settling such claims, including attorneys' fees, we modify to grant the owners summary judgment on their contractual indemnification claim against the elevator company (*see Ortiz v Fifth Ave. Bldg. Assoc.*, 251 AD2d 200, 202). Concur—Williams, P.J., Nardelli, Andrias and Marlow, JJ.