■ ELIZABETH KELLY et al., Plaintiffs, v NEWMARK & COMPANY REAL ESTATE, INC., et al., Defendants and Third-Party Plaintiffs-Respondents. THYSSENKRUPP ELEVATOR CORPORATION, Also Known as THYSSEN ELEVATOR COMPANY and/or THYSSEN DOVER ELEVATOR COMPANY, Third-Party Defendant-Appellant. [858 NYS2d 439]—

Mercure, J.P. Appeal from an order of the Supreme Court (Ceresia, Jr., J.), entered June 26, 2007 in Ulster County, which, among other things, denied third-party defendant's cross motion for summary judgment dismissing the third-party complaint.

In December 2001, plaintiff Elizabeth Kelly was injured when she fell forward after stepping into an elevator that had misleveled on the second floor of a building owned and managed by defendants. Kelly and her husband, derivatively, commenced this action against defendants, who in turn commenced a third-party action against third-party defendant, Thyssenkrupp Elevator Corporation, which had entered into a service agreement with defendants to perform maintenance on the elevator.

Defendants subsequently moved for summary judgment dismissing plaintiffs' complaint or, in the alternative, summary judgment against third-party defendant on their claim for contractual indemnification. Third-party defendant cross-moved for, among other things, summary judgment on its breach of contract claim alleging that defendants failed to procure insurance for its benefit, an order directing defendants to defend and indemnify it, and for dismissal of the third-party complaint. Supreme Court granted defendants' motion on their contractual indemnification claim and otherwise denied the motions. Third-party defendant appeals and we now affirm.

Initially, we reject third-party defendant's challenge to Supreme Court's determination that the parties' 2001 service agreement superseded their previous elevator maintenance agreement. The elevator maintenance agreement, dated July 2000, had required defendants to name third-party defendant as an insured on their liability insurance policies and to defend and indemnify third-party defendant against any claims arising out of injuries sustained on the subject elevator. It is not disputed that in the 2001 service agreement, third-party defendant waived all right of recovery for loss of the type required to be covered by insurance. Moreover, as Supreme Court concluded, the parties' 2001 service agreement provided that it "supersede[d] any and all prior agreements and arrangements by and between the parties in connection with the management of the [b]uilding and any and all prior agreements are of no further force and effect."

While the service agreement did reference the prior maintenance agreement as an attached exhibit, the agreement incorporated the exhibit only for the purpose of defining third-party defendant's duties. Indeed, the exhibit was attached under the heading "contractor's work," and was subject to a disclaimer indicating that in the event of a conflict between the attachment and the service agreement, the service agreement was to prevail. Reading the 2001 service agreement as a whole and giving its unambiguous provisions their plain and ordinary meaning (*see White v Continental Cas. Co.*, 9 NY3d 264, 267 [2007]; *Bailey v Fish & Neave*, 8 NY3d 523, 528 [2007]; *Greenfield v Philles Records*, 98 NY2d 562, 569-570 [2002]), Supreme Court properly determined that the 2001 service agreement superseded the prior maintenance agreement such that defendants had no contractual obligation to procure insurance for third-party defendant.*

We further conclude that defendants were entitled to summary judgment on their claim for contractual indemnification. Contrary to third-party defendant's argument, the 2001 service agreement is not unenforceable due to a failure to adequately define the contemplated scope of work. As noted above, the 2001 service agreement contained a "contractor's duties" provision that incorporated the maintenance agreement for purposes of defining third-party defendant's obligations—which were both comprehensive and exclusive.

With respect to contractual indemnification, it is well settled that although defendants may have "had a nondelegable duty to plaintiff to maintain and repair the elevator, unless [they] had *actual notice of the malfunction,* [their] liability was vicarious only" (*Sirigiano v Otis El. Co.*, 118 AD2d 920, 921 [1986], *lv denied* 68 NY2d 604 [1986] [citation omitted and emphasis added]; *see Mas v Two Bridges Assoc.*, 75 NY2d 680, 687-688 [1990]; *Warner v Historic Hudson Riv. Heritage Dev. Co.*, 235 AD2d 987, 989 [1997]). That is, "the effect of constructive notice to [an] owner of the defective condition and the nature of its 'nondelegable' duty [do] not bar it from indemnification" when it has entered into a comprehensive and exclusive elevator maintenance contract (*Rogers v Dorchester Assoc.*, 32 NY2d 553, 562-563 [1973]). Accordingly, in the absence of any evidence that defendants had actual notice of the malfunction on

---

* Third-party defendant concedes in any event that an agreement to indemnify and hold it harmless from liability for its own negligence—as opposed to an agreement to procure liability insurance—would be void and unenforceable (*see Kinney v Lisk Co.*, 76 NY2d 215, 217-219 [1990]; *Rogers v Dorchester Assoc.*, 32 NY2d 553, 564 [1973]).

the date of plaintiff's accident, defendants were entitled to summary judgment on their claim for contractual indemnification (*see Ortiz v Fifth Ave. Bldg. Assoc.*, 251 AD2d 200, 201 [1998]; *Bello v Lefrak*, 236 AD2d 571, 572 [1997]; *Sirigiano v Otis El. Co.*, 118 AD2d at 921; *see also Mas v Two Bridges Assoc.*, 75 NY2d at 687-688; *cf. Cavanaugh v 4518 Assoc.*, 9 AD3d 14, 18-21 [2004]).

Third-party defendant's arguments, to the extent not addressed herein, have been considered and found to be either unsupported by the record or otherwise lacking in merit.

Peters, Kane and Stein, JJ., concur. Ordered that the order is affirmed, with costs. [*See* 2007 NY Slip Op 31728(U).]