■ RICHARD CONRAD, Plaintiff, v 105 STREET ASSOCIATES, LLC, Appellant, et al., Defendants. 105 STREET ASSOCIATES, LLC, Third-Party Plaintiff-Appellant, et al., Third-Party Plaintiffs, v LARRY E. KNIGHT, INC., et al., Third-Party Defendants, and JEM ERECTORS, INC., Third-Party Defendant-Respondent. [866 NYS2d 635]—

Order, Supreme Court, New York County (Jane S. Solomon, J.), entered October 19, 2007, which, in an action for personal injuries sustained at a construction site by a worker employed by third-party defendant subcontractor JEM, insofar as appealed from as limited by the briefs, denied defendant site owner 105 Street's motion for summary judgment, or conditional summary judgment, on its claim for contractual indemnification against JEM, unanimously reversed, on the law, without costs, to grant 105 Street's motion to the extent of awarding it conditional summary judgment on its contractual indemnification claim against JEM. Appeal from order, same court and Justice, entered April 22, 2008, which denied 105 Street's motion to reargue its motion for summary judgment, unanimously dismissed, without costs, as taken from a nonappealable order.

The indemnification clause of JEM's subcontract requires JEM to indemnify 105 Street against claims and damages arising from the performance of JEM's work under the subcontract and attributable to its negligent acts or omissions. Further, under the subcontract, JEM was solely responsible for directing and supervising the subcontract work and obligated to take reasonable safety precautions with respect to its performance of the subcontract work. The record shows that plaintiff fell into an unguarded opening in the floor near where he was working after tripping over debris, and evidence that defendant general

contractor undertook to erect a barrier around the opening raises issues of fact as to whether a barrier was removed, and, if so, who removed it and whether JEM had timely notice of the unsafe opening. Given JEM's contractual obligation and failure to implement safety measures adequate to guard against a fall of one of its workers into the opening, the clear causal connection between plaintiff's injury and the absence of a barricade or other appropriate safety measure guarding against falls into the opening, and the absence of any evidence of negligence on the part of 105 Street, the latter is entitled to conditional summary judgment on its claim for contractual indemnification against JEM in advance of any factual determination of the extent of JEM's negligence for the accident (see *Ianotta v Tishman Speyer Props., Inc.*, 46 AD3d 297, 300 [2007], citing *Ortiz v Fifth Ave. Bldg. Assoc.*, 251 AD2d 200 [1998]). That the general contractor may have assumed responsibility for erecting a barricade around the opening did not, absent contractual provision to the contrary, absolve JEM of its contractual obligation to implement adequate safety measures itself. We reject 105 Street's additional argument for summary judgment on its contractual indemnification claim against JEM based on the latter's failure to remove debris near the opening. The subcontract expressly limits JEM's liability for injury caused by debris it had created, and issues of fact exist as to whether the debris over which plaintiff tripped was created by other contractors. Concur—Mazzarelli, J.P., Andrias, Nardelli, Buckley and Freedman, JJ. [*See* 17 Misc 3d 1118(A), 2007 NY Slip Op 52054(U).]