■ SUHEE GOODLOW, Respondent, v 724 FIFTH AVENUE REALTY, LLC, et al., Appellants, and DUNWELL ELEVATOR ELECTRICAL INDUSTRIES, INC., Respondent. [8 NYS3d 375]—

In an action to recover damages for personal injuries, the defendants 724 Fifth Avenue Realty, LLC, and David Frankel Realty, Inc., appeal, as limited by their brief, from so much of an order of the Supreme Court, Kings County (Battaglia, J.), entered March 11, 2013, as denied those branches of their motion which were for summary judgment dismissing the complaint insofar as asserted against them and on their cross claims for contractual and common-law indemnification against the defendant Dunwell Elevator Electrical Industries, Inc.

Ordered that the order is modified, on the law, by deleting the provision thereof denying that branch of the motion of the defendants 724 Fifth Avenue Realty, LLC, and David Frankel Realty, Inc., which was for summary judgment on their cross claim for contractual indemnification against the defendant Dunwell Elevator Electrical Industries, Inc., and substituting therefor a provision granting that branch of the motion; as so modified, the order is affirmed insofar as appealed from, with one bill of costs to the defendants 724 Fifth Avenue Realty, LLC, and David Frankel Realty, Inc., payable by the defendant Dunwell Elevator Electrical Industries, Inc., and one bill of costs to the plaintiff payable by the defendants 724 Fifth Avenue Realty, LLC, and David Frankel Realty, Inc.

The plaintiff allegedly was injured when she was struck by a closing elevator door as she entered an elevator in a building owned by the defendant 724 Fifth Avenue Realty, LLC, and managed by the defendant David Frankel Realty, Inc. (hereinafter together the building defendants). She commenced this action against, among others, the building defendants and the defendant Dunwell Elevator Electrical Industries, Inc. (hereinafter Dunwell), the company retained to service and maintain the elevator, claiming that a defect in the elevator door was caused by their negligent failure to maintain the elevator. After the completion of discovery, the building defendants moved, inter alia, for summary judgment dismissing the complaint insofar as asserted against them and on their cross claims for contractual and common-law indemnification against Dunwell. The Supreme Court denied the motion.

"A property owner can be held liable for an elevator-related injury where there is a defect in the elevator, and the property owner has actual or constructive notice of the defect, or where it fails to notify the elevator company with which it has a maintenance and repair contract about a known defect" (*Tucci v Starrett City, Inc.*, 97 AD3d 811, 812 [2012] [citations omitted];

*see Cilinger v Arditi Realty Corp.*, 77 AD3d 880, 882 [2010]). Here, the building defendants failed to establish, prima facie, that they lacked constructive notice of a defect in the elevator door (*see Oxenfeldt v 22 N. Forest Ave. Corp.*, 30 AD3d 391, 392 [2006]; *Ardolaj v Two Broadway Land Co.*, 276 AD2d 264, 265 [2000]; *Lesman v Weinrib*, 221 AD2d 601, 602 [1995]; *O'Neill v Mildac Props.*, 162 AD2d 441, 442-443 [1990]; *cf. Santoni v Bertelsmann Prop., Inc.*, 21 AD3d 712, 713-714 [2005]; *see generally Gordon v American Museum of Natural History*, 67 NY2d 836, 837 [1986]). Thus, the building defendants failed to establish their prima facie entitlement to judgment as a matter of law dismissing the complaint insofar as asserted against them, and it is unnecessary to consider the sufficiency of the plaintiff's opposition papers (*see Winegrad v New York Univ. Med. Ctr.*, 64 NY2d 851, 853 [1985]). Accordingly, the Supreme Court properly denied that branch of their motion which was for summary judgment dismissing the complaint insofar as asserted against them.

However, the Supreme Court erred in denying that branch of the building defendants' motion which was for summary judgment on their cross claim for contractual indemnification against Dunwell. A party's right to contractual indemnification depends upon the specific language of the relevant contract (*see Desena v North Shore Hebrew Academy*, 119 AD3d 631, 636 [2014]; *Roldan v New York Univ.*, 81 AD3d 625, 628 [2011]). The promise to indemnify should not be found unless it can be clearly implied from the language and purpose of the entire agreement and the surrounding circumstances (*see Hooper Assoc. v AGS Computers*, 74 NY2d 487, 491-492 [1989]). Under the full-service elevator maintenance contract at issue here, Dunwell assumed responsibility for the maintenance, repair, inspection, and servicing of the elevators, including the electrical systems or devices that operated the opening and closing of the elevator doors. Dunwell also agreed to indemnify the building defendants for any claim arising out of the performance of its work, regardless of whether it was negligent in its performance, unless the claim arose "solely and directly out of" the building defendants' negligence. Since the building defendants demonstrated, prima facie, the absence of actual notice of the defect and that the claim did not arise "solely and directly out of" their negligence, and Dunwell failed to raise a triable issue of fact in opposition to this showing, the Supreme Court should have granted that branch of the building defendants' motion which was for summary judgment on their cross claim for contractual indemnification (*see Talapin v One Madison Ave. Condominium*, 63 AD3d 909, 911 [2009]; *Kelly v Newmark &*

*Co. Real Estate, Inc.*, 51 AD3d 1247, 1249-1250 [2008]; *Ianotta v Tishman Speyer Props., Inc.*, 46 AD3d 297, 300 [2007]; *Ortiz v Fifth Ave. Bldg. Assoc.*, 251 AD2d 200, 201-202 [1998]).

In light of our determination, the building defendants' contention that they are entitled to summary judgment on their cross claim for common-law indemnification against Dunwell has been rendered academic. Mastro, J.P., Leventhal, Maltese and Duffy, JJ., concur.