Khan v 40 Wall Ltd. Partnership (2022 NY Slip Op 03106)

Khan v 40 Wall Ltd. Partnership

2022 NY Slip Op 03106

Decided on May 11, 2022

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on May 11, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

FRANCESCA E. CONNOLLY, J.P.
SHERI S. ROMAN
JOSEPH J. MALTESE
LINDA CHRISTOPHER, JJ.

2020-01775
 (Index No. 13353/13)

[*1]Acelima C. Khan, appellant-respondent,
v
40 Wall Limited Partnership, et al., respondents-appellants, Schindler Elevator Corporation, respondent.

Campson & Campson, New York, NY (Paul J. Campson of counsel), for appellant-respondent.
Lester Schwab Katz & Dwyer, LLP, New York, NY (Daniel S. Kotler of counsel), for respondents-appellants.
Sabatini & Associates, New York, NY (Richard J. Sabatini and Steve S. Efron of counsel), for respondent.

DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals, and the defendants 40 Wall Limited Partnership, New Scandic Wall Limited Partnership, The Trump Organization, Inc., and The Trump Corporation cross-appeal, from an order of the Supreme Court, Kings County (Ingrid Joseph, J.), dated November 14, 2019. The order, insofar as appealed from, granted that branch of the motion of the defendants 40 Wall Limited Partnership, New Scandic Wall Limited Partnership, The Trump Organization, Inc., and The Trump Corporation which was, in effect, pursuant to CPLR 3126 to strike the complaint insofar as asserted against them, and granted the cross motion of the defendant Schindler Elevator Corporation for the same relief insofar as asserted against it. The order, insofar as cross-appealed from, denied that branch of the motion of the defendants 40 Wall Limited Partnership, New Scandic Wall Limited Partnership, The Trump Organization, Inc., and The Trump Corporation which was for summary judgment on their cross claim for contractual indemnification against the defendant Schindler Elevator Corporation.
ORDERED that the order is affirmed insofar as appealed from; and it is further,
ORDERED that the order is reversed insofar as cross-appealed from, on the law, and that branch of the motion of the defendants 40 Wall Limited Partnership, New Scandic Wall Limited Partnership, The Trump Organization, Inc., and The Trump Corporation which was for summary judgment on their cross claim for contractual indemnification against the defendant Schindler Elevator Corporation is granted; and it is further,
ORDERED that one bill of costs is awarded to the defendants 40 Wall Limited Partnership, New Scandic Wall Limited Partnership, The Trump Organization, Inc., and The Trump Corporation, payable by the plaintiff and the defendant Schindler Elevator Corporation, and one bill [*2]of costs is awarded to the defendant Schindler Elevator Corporation, payable by the plaintiff.
In July 2013, the plaintiff commenced this action to recover damages for personal injuries allegedly sustained when she fell due to the unexpected movement of an elevator located within a building owned by the defendants 40 Wall Limited Partnership, New Scandic Wall Limited Partnership, The Trump Organization, Inc., and The Trump Corporation (hereinafter collectively 40 Wall). The elevator was maintained by the defendant Schindler Elevator Corporation (hereinafter Schindler) pursuant to a contract with 40 Wall. Pursuant to that contract, 40 Wall asserted a cross claim against Schindler seeking contractual indemnification both for damages and the cost of its defense.
Between May 2014 and January 2019, the plaintiff repeatedly failed to comply with court orders to supply written discovery, appear for a deposition, and appear for independent medical examinations. On October 29, 2018, the Supreme Court issued a conditional order of preclusion directing, inter alia, the plaintiff to provide certain documents, to appear for two independent medical examinations, to pay a cancellation fee for an independent medical examination she failed to attend, and to appear for a further deposition.
In an order dated November 14, 2019, the Supreme Court granted that branch of 40 Wall's motion which was, in effect, pursuant to CPLR 3126 to strike the complaint insofar as asserted against them and granted Schindler's cross motion for the same relief insofar as asserted against it. The court denied that branch of 40 Wall's motion which was for summary judgment on its cross claim for contractual indemnification against Schindler. The plaintiff appeals from so much of the order as struck her complaint. 40 Wall cross-appeals from so much of the order as denied that branch of its motion which was for summary judgment on its cross claim against Schindler.
When a litigant fails to comply with the terms of a conditional order of preclusion, the terms of that order become absolute (see Wilson v Galicia Contr. & Restoration Corp., 10 NY3d 827, 830; Goldberg v Breth, 189 AD3d 1368, 1370). Where the party seeking relief demonstrates noncompliance, the noncompliant party may avoid preclusion by proffering a reasonable excuse for noncompliance and demonstrating the existence of a meritorious claim or defense (see Gibbs v St. Barnabas Hosp., 16 NY3d 74, 80; Goldberg v Breth, 189 AD3d at 1370; Cannon v 111 Fulton St. Condominium, Inc., 162 AD3d 838, 840).
Here, the plaintiff violated eight separate discovery orders over a period of approximately five years, a pattern which supports an inference that her behavior was willful and contumacious (see Bellevue v Gustav, 186 AD3d 547, 548). Accordingly, the Supreme Court providently exercised its discretion in striking the complaint pursuant to CPLR 3126.
"A party's right to contractual indemnification depends upon the specific language of the relevant contract" (Goodlow v 724 Fifth Ave. Realty, LLC, 127 AD3d 1138, 1140). "The promise to indemnify should not be found unless it can be clearly implied from the language and purpose of the entire agreement and the surrounding circumstances" (id. at 1140; see Roldan v New York Univ., 81 AD3d 625, 628). The contract between 40 Wall and Schindler required Schindler to indemnify 40 Wall for "any and all liability, including legal costs and expenses . . . happening in or arising out of or in any way relating to the performance of Schindler's work or services" performed under the contract. Here, the available evidence, including the plaintiff's testimony, established that the elevator's unexpected movement caused the plaintiff to fall and allegedly sustain injuries. This evidence satisfied 40 Wall's prima facie burden to demonstrate that the plaintiff's accident arose out of or was related to the performance of Schindler's work (see Goodlow v 724 Fifth Ave. Realty, LLC, 127 AD3d at 1140; Roldan v New York Univ., 81 AD3d at 628). In opposition, Schindler failed to raise a triable issue of fact.
Contrary to Schindler's contention, the outstanding discovery does not render this branch of 40 Wall's motion premature since Schindler failed to offer an evidentiary basis to suggest that discovery might lead to relevant evidence, or that facts essential to opposing the motion were exclusively within 40 Wall's knowledge and control (see Gaston v Vertsberger, 176 AD3d 919, 920; [*3]R.L. v New York City Dept. of Educ., 175 AD3d 477, 479).
Accordingly, the Supreme Court should have granted that branch of 40 Wall's motion which was for summary judgment on its cross claim for contractual indemnification against Schindler.
CONNOLLY, J.P., ROMAN, MALTESE and CHRISTOPHER, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court