Sukhram v Forest City Myrtle Assoc., LLC (2024 NY Slip Op 04997)

Sukhram v Forest City Myrtle Assoc., LLC

2024 NY Slip Op 04997

Decided on October 9, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on October 9, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ANGELA G. IANNACCI, J.P.
CHERYL E. CHAMBERS
WILLIAM G. FORD
LILLIAN WAN, JJ.

2022-07637
 (Index No. 17007/11)

[*1]Madho Sukhram, plaintiff, 
v
Forest City Myrtle Associates, LLC, defendant third party- plaintiff-respondent; City of New York, third-party defendant-appellant (and other third-party actions).

Muriel Goode-Trufant, Acting Corporation Counsel, New York, NY (Melanie T. West and Elizabeth I. Freedman of counsel), for third-party defendant-appellant.
Newman Myers Kreines Harris P.C., New York, NY (Matthew D. Lavoie of counsel), for defendant third-party plaintiff-respondent.

DECISION & ORDER
In an action to recover damages for personal injuries, the third-party defendant appeals from an order of the Supreme Court, Kings County (Gina Abadi, J.), dated August 10, 2022. The order granted the motion of the defendant third-party plaintiff, in effect, for summary judgment on the third-party cause of action for contractual indemnification.
ORDERED that the order is affirmed, with costs.
The plaintiff allegedly was injured on property (hereinafter the premises) owned by the defendant third-party plaintiff, Forest City Myrtle Associates, LLC (hereinafter Forest City), while transporting a cart down a ramp on a loading dock. While the loading dock, a common area of the premises, remained under Forest City's exclusive control, an interior portion of the premises was leased to the third-party defendant, City of New York, for use by the New York City Human Resources Administration (hereinafter HRA). The plaintiff was employed at the time of the accident as a messenger charged with delivering materials from HRA's offices at the premises to other HRA locations, and the cart that he was transporting at the time of his accident had been loaded with boxes by HRA employees.
The plaintiff commenced this action against Forest City to recover damages for personal injuries, and Forest City commenced a third-party action against the City, inter alia, for contractual indemnification. Forest City subsequently moved, in effect, for summary judgment on the third-party cause of action for contractual indemnification. By order dated August 10, 2022, the Supreme Court granted Forest City's motion. The City appeals.
"A party's right to contractual indemnification depends upon the specific language of the relevant contract" (Goodlow v 724 Fifth Ave. Realty, LLC, 127 AD3d 1138, 1140; see Khan v 40 Wall Ltd. Partnership, 205 AD3d 789, 791). "The promise to indemnify should not be found unless it can be clearly implied from the language and purpose of the entire agreement and the [*2]surrounding circumstances" (Goodlow v 724 Fifth Ave. Realty, LLC, 127 AD3d at 1140; see Khan v 40 Wall Ltd. Partnership, 205 AD3d at 791). Here, the express language of the subject lease obligates the City to indemnify Forest City, among other things, for all liability arising from personal injuries occurring in the common areas of the premises "if caused by the sole negligence or intentional or tortious acts or omissions of any Tenant Party."
Contrary to the City's contention, Forest City met its initial burden on its motion, in effect, for summary judgment on the third-party cause of action for contractual indemnification by demonstrating, prima facie, through the deposition testimonies of the plaintiff and of his coworker, that the plaintiff's accident was caused by the allegedly negligent manner in which the cart was loaded by HRA employees and not by any defective or dangerous condition of the ramp maintained by Forest City (see Khan v 40 Wall Ltd. Partnership, 205 AD3d at 791). In opposition, the City failed to raise a triable issue of fact.
Accordingly, the Supreme Court properly granted Forest City's motion, in effect, for summary judgment on the third-party cause of action for contractual indemnification (see id.).
In light of our determination, we need not reach the City's remaining contentions.
IANNACCI, J.P., CHAMBERS, FORD and WAN, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court