■ GABRIEL MEZON et al., Respondents, v DOVER ELEVATOR COMPANY, Appellant. [708 NYS2d 75] —Order, Supreme Court, New York County (Elliott Wilk, J.), entered on or about June 15, 1999, which, in an action for personal injuries caused by an allegedly malfunctioning elevator, denied defendant elevator maintenance company's motion for summary judgment dismissing the complaint, unanimously affirmed, without costs.

The motion was properly denied since defendant, who had a full service contract to maintain and repair the elevators at plaintiff's employer's premises, failed to meet its initial burden of establishing as a matter of law that it exercised "reasonable care to discover and correct a condition which it ought to have found" (*Rogers v Dorchester Assocs.*, 32 NY2d 553, 559; *see, Winegrad v New York Univ. Med. Ctr.*, 64 NY2d 851, 853). In any event, assuming that defendant did meet such initial burden, plaintiff's deposition testimony that he observed the elevator door closing too quickly on about five previous occasions in the days preceding the instant occurrence, including one only an hour earlier, coupled with defendant's service obligations under the contract pursuant to which it assigned a

resident mechanic to the premises, raised an inference of negligent maintenance or repair sufficiently compelling to defeat summary judgment (*see, supra,* at 561; *Burgess v Otis El. Co.,* 114 AD2d 784, 785, *affd* 69 NY2d 623). Concur—Tom, J. P., Ellerin, Lerner, Andrias and Saxe, JJ.