■ SANDRA D. FANELLI, Respondent, v OTIS ELEVATOR COMPANY, Appellant, et al., Defendant. [717 NYS2d 376] —In an action to recover damages for personal injuries, the defendant Otis Elevator Company appeals from an order of the Supreme Court, Orange County (McGuirk, J.), dated June 29, 2000, which denied its motion for summary judgment dismissing the complaint insofar as asserted against it.

Ordered that the order is affirmed, with costs.

The plaintiff allegedly was injured when she caught her foot between closing elevator doors at her employer's premises. The appellant, Otis Elevator Company, which had agreed to maintain, repair, and service the subject elevator, owed a duty of care to members of the public to correct conditions of which it was aware and to use "reasonable care to discover and correct a condition which it ought to have found" (*Rogers v Dorchester Assocs.,* 32 NY2d 553, 559). An inference of negligent inspection and repair in the maintenance of an elevator may be drawn from evidence that the elevator doors previously malfunctioned (*see, Alsaydi v GSL Enters.,* 238 AD2d 533; *Liebman v Otis El. Co.,* 127 AD2d 745). In this case, the appellant's prior repair records for the subject elevator, along with the plaintiff's deposition testimony, raise triable issues of fact as to whether the appellant was negligent in the maintenance or repair of the subject elevator (*see, Mezon v Dover El. Co.,* 272 AD2d 227; *Warner v Historic Hudson Riv. Heritage Dev. Co.,* 235 AD2d 987). Therefore, the motion for summary judgment was properly denied. Ritter, J. P., Thompson, Friedmann, H. Miller and Feuerstein, JJ., concur.