■ MYRIAM FUCHS et al., Appellants, v ELO GROUP, INC., Defendant and Third-Party Plaintiff-Respondent, et al., Defendants. FLYNN-HILL ELEVATOR CORP., Third-Party

Defendant-Respondent. [747 NYS2d 181]

On August 26, 1996, the plaintiff Myriam Fuchs allegedly sustained injuries while attempting to climb out of an elevator that was stuck between floors in a building owned by the defendant Elo Group, Inc. (hereinafter Elo Group). Pursuant to a contractual agreement between Elo Group and the third-party defendant, Flynn-Hill Elevator Corp. (hereinafter Flynn-Hill), that was in existence at the time of the accident, Flynn-Hill was responsible for elevator maintenance and repair services at the subject building. Elo Group moved, inter alia, for summary judgment dismissing the complaint insofar as asserted against it, and Flynn-Hill cross-moved, inter alia, for summary judgment dismissing the third-party complaint. The Supreme Court granted the motion and cross motion.

A building owner has a nondelegable duty to maintain and repair the elevators on its premises (*see Rogers v Dorchester Assoc.,* 32 NY2d 553; *O'Neill v Mildac Props.,* 162 AD2d 441). In the case at bar, issues of fact exist as to whether the subject elevator was improperly serviced or maintained. Accordingly, the Supreme Court erred in granting the motion and cross motion.

The respondent's remaining contentions are without merit. Florio, J.P., S. Miller, Townes and Cozier, JJ., concur.