■ ANTONIO MARTINEZ et al., Respondents, v CENTRAL ELEVATOR, INC., Appellant. [778 NYS2d 717]—

In a consolidated action to recover damages for personal injuries, the defendant appeals from an order of the Supreme Court, Queens County (Hart, J.), dated June 13, 2003, which denied its motion for summary judgment dismissing the complaint.

Ordered that the order is affirmed, with one bill of costs.

The law is well settled that "[a]n elevator company which agrees to maintain an elevator in safe operating condition may be liable to a passenger for failure to correct conditions of which it has knowledge or failure to use reasonable care to discover and correct a condition which it ought to have found" (*Rogers v Dorchester Assoc.*, 32 NY2d 553, 559 [1973]; *see Fanelli v Otis El. Co.*, 278 AD2d 362 [2000]). The defendant made a prima facie showing of entitlement to judgment as a matter of law (*see Alvarez v Prospect Hosp.*, 68 NY2d 320 [1986]; *Hardy v Lojan Realty Corp.*, 303 AD2d 457 [2003]). In opposition, the plaintiffs raised a triable issue of fact, inter alia, as to whether the defendant was negligent in the maintenance or repair of the subject elevator (*see Fanelli v Otis El. Co., supra*).

Accordingly, the Supreme Court properly denied the defendant's motion for summary judgment dismissing the complaint. Ritter, J.P., Goldstein, Crane and Rivera, JJ., concur.