■ GERTRUDE OXENFELDT, Appellant, v 22 NORTH FOREST AVENUE CORP. et al., Respondents. [816 NYS2d 563]—

In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Nassau County (O'Connell, J.), dated November 16, 2004, which granted the motion of defendants 22 North Forest Avenue Corp. and Rush Properties Incorporated for summary judgment dismissing the complaint insofar as asserted against them and granted the separate motion of the defendant Elevator Refurbishing Corp. for summary judgment dismissing the complaint insofar as asserted against it.

Ordered that the order is reversed, on the law, with costs, the motions are denied, and the complaint is reinstated.

The plaintiff tripped and fell inside 22 North Forest Avenue, as she entered an elevator that allegedly misleveled at the second floor of the building. She commenced this action against

the owner of the building, 22 North Forest Avenue Corp., and the property manager, Rush Properties Incorporated (collectively referred to hereinafter as the owners), as well as Elevator Refurbishing Corp. (hereinafter the elevator company).

In their respective motions for summary judgment dismissing the complaint insofar as asserted against them, the elevator company and the owners made a prima facie showing of entitlement to judgment as a matter of law, since the evidence indicated that they neither created nor had actual or constructive notice of the misleveling of the elevator that allegedly caused the plaintiff to fall (*see Alvarez v Prospect Hosp.*, 68 NY2d 320, 324 [1986]; *Bykofsky v Waldbaum's Supermarkets*, 210 AD2d 280 [1994]). However, in opposition, the plaintiff raised a triable issue of fact by submitting the affidavits of three nonparty witnesses who all stated that they frequently observed the elevator mislevel during the two months prior to the plaintiff's accident (*see Gurevich v Queens Park Realty Corp.*, 12 AD3d 566 [2004]; *Ardolaj v Two Broadway Land Co.*, 276 AD2d 264, 264-265 [2000]; *O'Neill v Mildac Props.*, 162 AD2d 441, 442-443 [1990]).

Contrary to the contention of the elevator company, since it contracted to maintain the elevator in a safe operating condition, it would be subject to liability for "failure to use reasonable care to discover and correct a condition which it ought to have found" (*Rogers v Dorchester Assoc.*, 32 NY2d 553, 559 [1973]; *see Fanelli v Otis El. Co.*, 278 AD2d 362 [2000]; *Gleeson-Casey v Otis El. Co.*, 268 AD2d 406, 406-407 [2000]).

Similarly, contrary to the contention of the owners, they had a nondelegable duty to maintain and repair the elevator on the premises (*see Rogers v Dorchester Assoc., supra; Fuchs v Elo Group*, 297 AD2d 658, 659 [2002]). Although they contracted with the elevator company to handle all maintenance and repair work, liability can be found against them if they received notice of a defect and failed to notify the elevator company about it (*Rogers v Dorchester Assoc., supra*). Thus, the plaintiff's evidence on the issue of constructive notice raises a triable issue of fact regarding the owners' negligence.

In light of our determination, we need not reach the plaintiff's remaining contentions. Adams, J.P., Santucci, Lunn and Dillon, JJ., concur.