■ MATTHEW MARLON PARRIS, Respondent, v PORT OF NEW YORK AUTHORITY, Defendant, and OTIS ELEVATOR COMPANY, Appellant. [850 NYS2d 53]—

Order, Supreme Court, New York County (Rolando T. Acosta, J.), entered July 24, 2007, which denied defendant Otis Elevator's motion for summary judgment dismissing the complaint, unanimously reversed, on the law, without costs, and the motion granted. The Clerk is directed to enter judgment in favor of defendant Otis Elevator Company dismissing the complaint against it.

Plaintiff alleges he was injured when the escalator he was riding at the Port Authority Bus Terminal suddenly and violently "jerked" and "pulled," causing him to fall backward and strike his head. Although the escalator had safety devices designed to cause it to stop in the event of mechanical malfunction, this escalator did not stop but continued to carry plaintiff to the bottom, where he was found unconscious and having a seizure.

On their motion for summary judgment, defendants met their prima facie burden with evidence that, even assuming a

mechanical defect, they were not negligent because there was no record of prior complaints about the escalator, Otis performed regular bimonthly preventative maintenance, and no problems were indicated in the service maintenance records it kept (*see Gjonaj v Otis El. Co.*, 38 AD3d 384 [2007]; *Kelly v Old Navy*, 11 AD3d 345 [2004]). However, the court did err in finding that plaintiff raised an issue of fact as to Otis's negligence by submitting an affidavit of a certified mechanical engineer. Without even conducting an on-scene inspection, this expert asserted that the escalator could have jerked due to deterioration or wearing of various parts, and inferred that Otis had not performed necessary maintenance by replacing certain parts. These suggestions were speculative and unsupported by any evidentiary foundation, thus rendering the expert's opinion of no probative force and insufficient to withstand summary judgment (*Diaz v New York Downtown Hosp.*, 99 NY2d 542, 544 [2002]; *see Vale v Poughkeepsie Galleria Co.*, 297 AD2d 800, 801 [2002]).

Plaintiff's reliance on the doctrine of res ipsa loquitur is unavailing because he failed to demonstrate that the escalator, which was subject to extensive public contact on a daily basis, was in defendant's exclusive control (*see Ebanks v New York City Tr. Auth.*, 70 NY2d 621 [1987]). Concur—Lippman, P.J., Buckley, Gonzalez and Sweeny, JJ.