■ LUCKNER BAZNE et al., Appellants, v PORT AUTHORITY OF NEW YORK AND NEW JERSEY et al., Respondents. [877 NYS2d 321]—

Order, Supreme Court, New York County (Martin Shulman, J.), entered January 8, 2008, which granted defendants' motion for summary judgment dismissing the complaint, unanimously affirmed, without costs.

This action arose from an incident that occurred at the Port Authority Bus Terminal. Plaintiffs alleged that while they were on motor stairs No. 13 at the bus terminal, the escalator shook suddenly and stopped, causing them to fall backwards. Plaintiffs commenced this action against the Port Authority and Otis alleging claims of negligence and res ipsa loquitur.

On their motion for summary judgment, defendants met their initial burden with prima facie evidence that, even assuming a mechanical defect, they were not liable, since there was no record of prior complaints about the escalator, Otis performed regular bimonthly preventive maintenance and no problems were indicated in the service maintenance records it kept (*Parris v Port of N.Y. Auth.*, 47 AD3d 460, 460-461 [2008]). In opposition, plaintiffs' expert opined that the escalator could have jerked due to deterioration or wearing of various parts, and inferred that Otis had not performed necessary maintenance by replacing certain parts. However, his affidavit was not probative, since it was not based upon the depositions or documents produced, but rather on speculation, conjecture, and purported "missing documents" (*see Diaz v New York Downtown Hosp.*, 99 NY2d 542, 544 [2002]). Finally, plaintiffs' "reliance on the doctrine of res ipsa loquitur is unavailing because [they] failed to demonstrate that the escalator, which was subject to extensive public

contact on a daily basis, was in defendant's exclusive control" (*Parris*, 47 AD3d at 460-461; *Ebanks v New York City Tr. Auth.*, 70 NY2d 621, 623 [1987]), and the undisputed testimony established that the escalator could have stopped for any number of reasons that would not entail liability on the part of defendants. Concur—Saxe, J.P., Friedman, Moskowitz, Freedman and Richter, JJ.