■ SANDRA ESPINOZA, as Mother and Natural Guardian of CALY ESPINOZA, an Infant, et al., Respondents, v FEDERATED DEPARTMENT STORES, INC., et al., Respondents, and MAINCO SERVICES COMPANY et al., Appellants. [904 NYS2d 3]—

Order, Supreme Court, New York County (Carol R. Edmead, J.), entered September 30, 2009, which denied the Mainco defendants' motion for summary judgment dismissing the complaint as against them and on their claims for contractual and common-law indemnification against defendants Federated Department Stores, Inc. and Macy's East, Inc. (Macy's), unanimously modified, on the law, to grant the part of the motion that sought summary judgment dismissing the complaint, and otherwise affirmed, without costs. The Clerk is directed to enter judgment dismissing the complaint as against the Mainco defendants and to sever said defendants' cross claims against Macy's.

The infant plaintiff was injured when he tripped at the top of an escalator in a Macy's store and his arm got caught between

the handrail and the handrail return guard. The Mainco defendants established prima facie that, even assuming a missing or defective handrail return guard, they were not negligent, because they did not create the condition, they had received no previous complaints about such a condition, and the records of the regular monthly preventive maintenance they performed three weeks before the accident indicated no problems (*see Parris v Port of N.Y. Auth.*, 47 AD3d 460 [2008]). The affidavits submitted by plaintiffs and Macy's in opposition, in which elevator experts stated that the handrail return guard was either missing or defective and opined that Mainco had been negligent in failing to observe that it was missing or in failing to correct the defect, were insufficient to raise an issue of fact because the experts' opinions were unsupported by any evidentiary foundation (*see Gjonaj v Otis El. Co.*, 38 AD3d 384 [2007]).

Since there has been no finding that negligence on Macy's part was a cause of the infant plaintiff's injuries, the Mainco defendants are not entitled to indemnification for costs and attorney's fees by Macy's under either the common law (*see e.g. Edge Mgt. Consulting, Inc. v Blank*, 25 AD3d 364, 366 [2006], *lv dismissed* 7 NY3d 864 [2006]) or the indemnification provision of their contract. Concur—Saxe, J.P., Catterson, Richter and Abdus-Salaam, JJ. **[Prior Case History: 2009 NY Slip Op 32252(U).]**