■ MARIAH JAIKRAN et al., Respondents, v SHOPPERS JAMAICA, LLC, Defendant/Third-Party Plaintiff-Respondent-Appellant, and NOUVEAU ELEVATORS INDUSTRIES, INC., Defendant/Third-Party Defendant-Appellant-Respondent, et al., Defendant. [925 NYS2d 596]—

In an action to recover damages for personal injuries, etc., the defendant/third-party defendant Nouveau Elevator Industries, Inc., appeals, as limited by its brief, from so much of an order of the Supreme Court, Queens County (Grays, J.), dated January 6, 2010, as denied those branches of its motion which were for summary judgment dismissing the complaint and all cross

claims insofar as asserted against it, and the defendant/third-party plaintiff, Shoppers Jamaica, LLC, cross-appeals, as limited by its brief, from so much of the same order as denied those branches of its cross motion which were for summary judgment dismissing the complaint insofar as asserted against it, and for summary judgment on its cross claim for common-law indemnification, and granted the plaintiffs' cross motion for summary judgment on the issue of liability insofar as asserted against it.

Ordered that the order is modified, on the law, (1) by deleting the provisions thereof denying those branches of the motion of the defendant/third-party defendant Nouveau Elevator Industries, Inc., which were for summary judgment dismissing the complaint and all cross claims insofar as asserted against it, and substituting therefor provisions granting those branches of the motion, and (2) by deleting the provision thereof granting the cross motion of the plaintiffs for summary judgment on the issue of liability insofar as asserted against the defendant/third-party plaintiff Shoppers Jamaica, LLC, and substituting therefor a provision denying that cross motion; as so modified, the order is affirmed insofar as appealed and cross-appealed from, with costs to the defendant/third-party defendant, Nouveau Elevator Industries, Inc., payable by the plaintiff and the defendant/third-party plaintiff, Shoppers Jamaica, LLC.

On June 9, 2005, the infant plaintiff was allegedly injured in an accident involving an escalator at Shoppers World, a store located on Jamaica Avenue and owned by the defendant/third-party plaintiff, Shoppers Jamaica, LLC (hereinafter Shoppers). The infant plaintiff, by her mother and natural guardian, with her mother suing derivatively (hereinafter together the plaintiffs), commenced the instant action to recover damages for personal injuries, etc., against Shoppers and, later, against the defendant/third-party defendant Nouveau Elevator Industries, Inc. (hereinafter NEI). NEI had performed repair work on the escalator days prior to the accident.

Shoppers commenced a third-party action for contribution and indemnification against NEI. Shoppers also asserted cross claims against NEI for contribution, common-law indemnification, contractual indemnification, and breach of a written agreement to obtain liability insurance for the benefit of Shoppers.

NEI moved for summary judgment dismissing the complaint and all cross claims insofar as asserted against it. Shoppers cross-moved for summary judgment dismissing the complaint insofar as asserted against it and for summary judgment on its claim for common-law indemnification. The plaintiffs cross-moved for summary judgment on the issue of liability against

Shoppers. The Supreme Court denied the respective motion and cross motion of NEI and Shoppers, and granted the plaintiffs' cross motion for summary judgment on the issue of liability against Shoppers. NEI appeals and Shoppers cross-appeals. We modify.

The Supreme Court erred in denying that branch of NEI's motion which was for summary judgment dismissing the complaint insofar as asserted against it. NEI demonstrated its prima facie entitlement to judgment as a matter of law by submitting evidence that it owed no duty of care to the plaintiffs (*see Stiver v Good & Fair Carting & Moving, Inc.*, 9 NY3d 253, 256-257 [2007]; *Espinal v Melville Snow Contrs.*, 98 NY2d 136 [2002]; *Altinma v East 72nd Garage Corp.*, 54 AD3d 978, 980 [2008]). In opposition, the plaintiffs failed to raise a triable issue of fact (*see Hernandez v Pace El. Inc.*, 69 AD3d 493, 494-495 [2010]; *Fernandez v Otis El. Co.*, 4 AD3d 69, 73 [2004]).

The Supreme Court erred in denying that branch of NEI's motion which was for summary judgment dismissing Shoppers' cross claim for contribution. In opposition to NEI's prima facie showing that it was entitled to judgment as a matter of law dismissing Shoppers' cross claim for contribution, Shoppers failed to demonstrate that NEI either owed Shoppers a duty of reasonable care independent of NEI's contractual obligations, or that NEI owed a duty of care to the plaintiffs (*see Roach v AVR Realty Co., LLC*, 41 AD3d 821, 824 [2007]; *Torchio v New York City Hous. Auth.*, 40 AD3d 970, 971 [2007]).

The Supreme Court erred in denying that branch of NEI's motion which was for summary judgment dismissing Shoppers' cross claim for common-law indemnification. NEI made a prima facie showing of its entitlement to judgment as a matter of law dismissing Shoppers' cross claim for common-law indemnification by demonstrating that the accident was not due solely to NEI's negligent performance or nonperformance of an act solely within NEI's province (*see Roach v AVR Realty Co., LLC*, 41 AD3d at 824; *Murphy v M.B. Real Estate Dev. Corp.*, 280 AD2d 457, 457-458 [2001]). Shoppers failed to raise a triable issue of fact in opposition. It follows that the Supreme Court properly denied that branch of Shoppers' cross motion which was for summary judgment on its claim for common-law indemnification asserted against NEI.

The Supreme Court also erred in denying that branch of NEI's motion which was for summary judgment dismissing Shoppers' cross claim for contractual indemnification. In opposition to NEI's prima facie showing that it was entitled to judgment as a matter of law dismissing Shoppers' cross claim

for contractual indemnification, Shoppers failed to raise a triable issue of fact. Shoppers did not point to any indemnification provision in the agreement between it and NEI, and an indemnification clause could not be implied from the language of that agreement (*see Schultz v Bridgeport & Port Jefferson Steamboat Co.*, 68 AD3d 970, 972 [2009]; *see also Keshavarz v Murphy*, 242 AD2d 680, 681 [1997]).

The Supreme Court further erred in denying that branch of NEI's motion which was for summary judgment dismissing Shoppers' cross claim alleging breach of an agreement to procure insurance. NEI made a prima facie showing that it was entitled to judgment as a matter of law dismissing that cross claim, and Shoppers did not raise a triable issue of fact in response. The relevant agreement did not require NEI to procure insurance naming Shoppers as additional insureds (*see Richards v Passarelli*, 77 AD3d 905, 909-910 [2010]).

The Supreme Court properly denied that branch of Shoppers' cross motion which was for summary judgment dismissing the complaint insofar as asserted against it. As owners of the building, Shoppers had a nondelegable duty to maintain and repair the escalators on its premises (*see Oxenfeldt v 22 N. Forest Ave. Corp.*, 30 AD3d 391, 392 [2006]; *Fuchs v Elo Group*, 297 AD2d 658, 659 [2002]). Thus, Shoppers may be held liable to the plaintiffs if it created or had actual or constructive notice of the alleged defective condition, i.e., the missing escalator handrail brush guard (*see Green v City of New York*, 76 AD3d 508, 508-509 [2010]; *Nye v Putnam Nursing & Rehabilitation Ctr.*, 62 AD3d 767, 768 [2009]; *Miguel v 41-42 Owners Corp.*, 57 AD3d 488, 490 [2008]). Here, Shoppers met its prima facie burden of showing its entitlement to judgment as a matter of law (*see generally Alvarez v Prospect Hosp.*, 68 NY2d 320 [1986]; *Zuckerman v City of New York*, 49 NY2d 557 [1980]). In response, the plaintiffs' proffered evidence raised a triable issue of fact as to whether Shoppers had constructive notice of the missing handrail brush guard (*see Oxenfeldt v 22 N. Forest Ave. Corp.*, 30 AD3d 391 [2006]). However, having correctly determined that triable issues of fact exist as to whether Shoppers was negligent, the Supreme Court erred in granting the plaintiffs' cross motion for summary judgment on the issue of liability against Shoppers (*see generally Alvarez v Prospect Hosp.*, 68 NY2d 320 [1986]; *Zuckerman v City of New York*, 49 NY2d 557 [1980]; *Stukas v Streiter*, 83 AD3d 18 [2011]). Mastro, J.P., Belen, Chambers and Roman, JJ., concur.