■ VERYLN DEROUEN, as Administratrix of MARY DEROUEN, Deceased, Respondent, v SAVOY PARK OWNER, L.L.C., Appellant and Third-Party Plaintiff-Appellant, et al., Defendant and Third-Party Plaintiff. GUARDSMAN ELEVATOR CO., INC., Third-Party Defendant-Respondent. [971 NYS2d 2]—

Order, Supreme Court, New York County (Paul Wooten, J.), entered January 18, 2012, which denied the motion of defendant Savoy Park Owner, L.L.C. (Savoy) for summary judgment dismissing the complaint as against it and for summary judgment on its third-party complaint against Guardsman Elevator Co., Inc., and granted Guardsman's motion for summary judgment dismissing the third-party complaint, unanimously modified, on the law, to deny Guardsman's motion as to Savoy's claim for common-law indemnification, and otherwise affirmed, without costs.

The motion court found that Savoy's motion was untimely because it incorrectly used the date Savoy filed its motion, not the date it was served, to calculate whether more than 120 days had passed since the filing of the note of issue (see Gazes v Bennett, 38 AD3d 287 [1st Dept 2007]; CPLR 2211). Savoy's motion for summary judgment was timely and should have been considered. On the merits, however, we find that Savoy failed to meet its burden of showing there are no triable issues of fact about how plaintiff's decedent's accident occurred. The surveillance video that Savoy principally relies on does not conclusively establish that plaintiff's decedent tripped over her shopping cart, or disprove the claim that she was thrown to the floor by the elevator shaking as she exited it. Contrary to Savoy's argument, the video only raises a triable issue of fact as to whether the elevator malfunctioned.

Savoy denies it had actual or constructive notice of a dangerous condition at the premises. Although Savoy established that

plaintiff's decedent did not make any complaints about problems with the elevator shaking before her accident, plaintiff has met her burden of demonstrating the existence of a triable issue of fact (*Alvarez v Prospect Hosp.*, 68 NY2d 320, 324 [1986]; *Zuckerman v City of New York*, 49 NY2d 557, 562 [1980]) by coming forward with "trouble site reports" indicating that in the year prior to her accident, there had been two reported problems with the guide rollers on the elevators at the premises. According to the deposition testimony of Guardsman's witness, these guide rollers are what allow an elevator car to move smoothly and travel shake free. Guardsman's witness also testified that Guardsman had recommended replacement of those rollers and that at or about the time of the accident there was a recurring problem at the premises with low voltage which may have affected how smoothly the elevators functioned. Thus, there are triable issues concerning whether the decedent's accident was proximately caused by Savoy's negligence.

Savoy and Guardsman each moved for summary judgment on Savoy's contract and common-law indemnification claims in the third-party complaint. On appeal, Savoy argues that its common-law indemnification claims should not have been dismissed. We agree. Although Guardsman was not in continuous control of the possession and operation of the elevator, just as there are triable issues of fact whether Savoy had notice of an alleged dangerous or defective condition in the elevator at issue, there are triable issues of fact whether Guardsman had notice of those same conditions (see *Rogers v Dorchester Assoc.*, 32 NY2d 553 [1973]), particularly since Guardsman had been to the premises for its monthly service call just three days before plaintiff's accident. In addition, there are issues of fact about whether the scope of the repairs needed, if any, were within the duties delegated to Guardsman under the contract (*see id.* at 558-559). Concur—Tom, J.P., Mazzarelli, Moskowitz and Gische, JJ. **[Prior Case History: 2012 NY Slip Op 30118(U).]**