■ Natalia Gell-Tejada, Individually and as Mother and Natural Guardian of Maxlee Gell-Tejada, an Infant, Respondent, v Macy's Retail Holding, Inc., Respondent, and Mainco Elevator & Electrical Co. et al., Appellants. [984 NYS2d 345]—

Order, Supreme Court, New York County (Eileen A. Rakower, J.), entered September 17, 2013, which denied the motion of defendants Mainco Elevator & Electrical Co. and ThyssenKrupp Elevator Corporation (collectively ThyssenKrupp) for summary judgment dismissing the complaint and all cross claims as against them and on their cross claims for contractual and common-law indemnification against defendant Macy's Retail Holding Inc. (Macy's), unanimously modified, on the law, to grant the motion to the extent of dismissing the complaint and all cross-claims as against ThyssenKrupp, and otherwise affirmed, without costs. The Clerk is directed to enter judgment dismissing the complaint and cross claims as against Thyssenkrupp and to sever said defendants' cross claims against Macy's.

The infant plaintiff was injured when, while in Macy's Herald Square store, which has wooden escalators that were installed in 1922, his hand became caught in a metal comb plate at the bottom of an escalator where the moving stairs meet the floor. Dismissal of the complaint as against ThyssenKrupp was warranted because ThyssenKrupp established that even assuming that there was a defect in the escalator which caused the accident, it neither created the condition nor had notice of it (*see Parris v Port of N.Y. Auth.*, 47 AD3d 460 [1st Dept 2008]; *see also Casey v New York El. & Elec. Corp.*, 107 AD3d 597, 598-599 [1st Dept 2013]). ThyssenKrupp also showed that pursuant to its contract with Macy's, its responsibility for particular repairs or replacements of the wooden escalator was limited. The opinion of plaintiff's expert engineer was not sufficient to create an issue of fact as to ThyssenKrupp's negligence because the opinions proffered lacked evidentiary support (*see Luciano v Deco Towers Assoc. LLC*, 92 AD3d 606 [1st Dept 2012]; *Santoni v Bertelsmann Prop., Inc.*, 21 AD3d 712, 714-715 [1st Dept 2005]).

Although ThyssenKrupp's freedom from negligence has been established, it is not yet entitled to common-law or contractual indemnification from Macy's for costs and attorney's fees since there has been no finding that Macy's negligence was a cause of the infant plaintiff's injuries (*see Espinoza v Federated Dept. Stores, Inc.*, 73 AD3d 599, 600 [1st Dept 2010]). Concur—Mazzarelli, J.P., Friedman, DeGrasse, Freedman and Kapnick, JJ. **[Prior Case History: 2013 NY Slip Op 32180(U).]**