■ EUNICE ROBERTS, Respondent, v OLD NAVY, Appellant. [24 NYS3d 96]—

In an action to recover damages for personal injuries, the defendant appeals from an order of the Supreme Court, Queens County (Butler, J.), entered June 25, 2015, which denied its motion for summary judgment dismissing the complaint.

Ordered that the order is affirmed, with costs.

On July 10, 2010, the plaintiff allegedly was injured while riding an escalator at an Old Navy clothing store located on Jamaica Avenue in Queens. In May 2013, the plaintiff commenced this action against Old Navy to recover damages for personal injuries. After the completion of discovery, the defendant moved for summary judgment dismissing the complaint on the ground that it had no notice of the alleged dangerous condition. The Supreme Court denied the motion, and the defendant appeals.

As a lessee of the property and operator of the store, the defendant had a duty to maintain and repair the escalators on the premises (see *Jaikran v Shoppers Jamaica, LLC*, 85 AD3d 864, 867 [2011]; see also *Green v City of New York*, 76 AD3d 508, 508 [2010]; *Oxenfeldt v 22 N. Forest Ave. Corp.*, 30 AD3d 391, 392 [2006]; *Fuchs v Elo Group*, 297 AD2d 658, 659 [2002]). Therefore, to demonstrate its prima facie entitlement to judgment as a matter of law, the defendant had to establish that it did not create the subject defective condition that caused the subject escalator to suddenly accelerate and then "jerk," or have actual or constructive notice of that condition (see *Jaikran v Shoppers Jamaica, LLC*, 85 AD3d at 867; *Green v City of New York*, 76 AD3d at 508; see generally *Gordon v American Museum of Natural History*, 67 NY2d 836, 837 [1986]). The defendant failed to do so. The deposition testimony of the defendant's loss prevention agent submitted in support of the defendant's motion failed to establish that the subject escalator was regularly inspected and maintained, or that the defendant did not receive any prior complaints about the subject escalator (see *Green v City of New York*, 76 AD3d at 509; *Fuchs v Elo Group*, 297 AD2d at 659; cf. *Bazne v Port Auth. of N.Y. & N.J.*, 61 AD3d 583 [2009]; *Parris v Port of N.Y. Auth.*, 47 AD3d 460, 460-461 [2008]; *Kelly v Old Navy*, 11 AD3d 345, 346 [2004]). Since the defendant failed to satisfy its prima facie burden, the

Supreme Court properly denied its motion for summary judgment dismissing the complaint, regardless of the sufficiency of the plaintiff's opposition papers (*see Winegrad v New York Univ. Med. Ctr.*, 64 NY2d 851, 853 [1985]). Dillon, J.P., Austin, Roman and Barros, JJ., concur.