■ KIM ISAACS, Respondent, v FEDERATED DEPARTMENT STORES, INC., et al., Defendants/Third-Party Plaintiffs-Respon-

dents-Appellants. THYSSENKRUPP ELEVATOR CORPORATION, Third-Party Defendant-Appellant-Respondent. [44 NYS3d 203]—

In an action to recover damages for personal injuries, the third-party defendant, Thyssenkrupp Elevator Corporation, appeals, as limited by its brief, from so much of an order of the Supreme Court, Kings County (Vaughan, J.), dated January 20, 2015, as denied those branches of its motion which were for summary judgment dismissing the third-party complaint and for summary judgment on its counterclaims for common-law and contractual indemnification, and the defendants/third-party plaintiffs cross-appeal, as limited by their brief, from so much of the same order as denied their motion for summary judgment dismissing the complaint.

Ordered that the order is modified, on the law, (1) by deleting the provision thereof denying that branch of the third-party defendant's motion which was for summary judgment dismissing the third-party complaint, and substituting therefor a provision granting that branch of the motion, and (2) by deleting the provision thereof denying the defendants/third-party plaintiffs' motion for summary judgment dismissing the complaint, and substituting therefor a provision granting that motion; as so modified, the order is affirmed insofar as appealed from, with one bill of costs to the third-party defendant and the defendants/third-party plaintiffs appearing separately and filing separate briefs, payable by the plaintiff.

The plaintiff allegedly was injured while riding an escalator at a Macy's department store in Brooklyn, which was owned by the defendants/third-party plaintiffs (hereinafter collectively Macy's). In May 2010, the plaintiff commenced this action against Macy's. Macy's commenced a third-party action seeking, inter alia, indemnification and contribution against the third-party defendant Thyssenkrupp Elevator Corporation (hereinafter Thyssenkrupp), which had a contract with Macy's for escalator maintenance and repair services at the time of the accident.

After the completion of discovery, Thyssenkrupp moved for summary judgment dismissing the third-party complaint and for summary judgment on its indemnification counterclaims against Macy's. Macy's moved for summary judgment dismissing the complaint on the ground that it did not have notice of the allegedly dangerous condition. The Supreme Court denied both motions. We modify.

The Supreme Court erred in denying Macy's motion for sum-

mary judgment dismissing the complaint. As the property owner, Macy's had a nondelegable duty to maintain and repair the escalators on its premises (*see Roberts v Old Navy*, 134 AD3d 1088, 1088 [2015]; *Jaikran v Shoppers Jamaica, LLC*, 85 AD3d 864, 867 [2011]). Therefore, to demonstrate its prima facie entitlement to judgment as a matter of law, Macy's had to establish that it did not create the defective condition that caused the accident or have actual or constructive notice of that condition (*see Roberts v Old Navy*, 134 AD3d at 1088; *Jaikran v Shoppers Jamaica, LLC*, 85 AD3d at 867; *see also Bazne v Port Auth. of N.Y. & N.J.*, 61 AD3d 583, 583 [2009]). " 'A defendant has constructive notice of a defect when the defect is visible and apparent, and existed for a sufficient length of time before the accident that it could have been discovered and corrected' " (*James v Orion Condo-350 W. 42nd St., LLC*, 138 AD3d 927, 927 [2016], quoting *Knack v Red Lobster 286, N & D Rests., Inc.*, 98 AD3d 473, 473 [2012]). To meet its burden on the issue of lack of constructive notice, a defendant is required to offer some evidence as to when the site was last cleaned or inspected prior to the accident (*see James v Orion Condo-350 W. 42nd St., LLC*, 138 AD3d at 927; *Mehta v Stop & Shop Supermarket Co., LLC*, 129 AD3d 1037, 1038 [2015]).

Here, Macy's submitted evidence demonstrating, prima facie, that it did not create or have actual or constructive notice of the alleged defective and dangerous condition of the escalator—i.e., a broken and protruding piece of metal which caught the strap of the plaintiff's pocketbook and caused her to fall. Through the deposition testimony of its employees and a technician employed by Thyssenkrupp as well as escalator inspection logs, Macy's established that the escalator was regularly inspected and maintained, and that it had not received any prior complaints about the escalator before the accident (*see Bazne v Port Auth. of N.Y. & N.J.*, 61 AD3d at 583; *Kelly v Old Navy*, 11 AD3d 345, 346 [2004]; *cf. Lopez v Retail Prop. Trust*, 118 AD3d 676, 676 [2014]). Among other things, a Macy's employee testified at a deposition that he inspected the escalator on the morning of the accident and that it was in working order (*cf. Isaac v 1515 Macombs, LLC*, 84 AD3d 457, 458-459 [2011]).

In opposition, the plaintiff failed to raise a triable issue of fact. Contrary to her contention, insofar as relevant here, she failed to produce evidence of a prior problem with the escalator that would have provided notice of the specific defect that allegedly caused the accident or offer proof that the alleged condi-

tion existed for a sufficient length of time to provide Macy's with constructive notice (*see Isaac v 1515 Macombs, LLC*, 84 AD3d at 459).

Accordingly, the Supreme Court should have granted Macy's motion for summary judgment dismissing the complaint. In light of this determination, the third-party defendant is also entitled to summary judgment dismissing the third-party complaint (*see Bellini v Gypsy Magic Enters., Inc.*, 112 AD3d 867 [2013], citing *Funk v United Parcel Serv., Inc.*, 73 AD3d 851, 853 [2010]).

However, the Supreme Court properly denied those branches of Thyssenkrupp's motion which were for summary judgment on its counterclaims for common-law and contractual indemnification (*see generally Mas v Two Bridges Assoc.*, 75 NY2d 680, 690 [1990]; *Hooper Assoc. v AGS Computers*, 74 NY2d 487, 491-492 [1989]; *Roldan v New York Univ.*, 81 AD3d 625, 628 [2011]). Austin, J.P., Cohen, Maltese and Duffy, JJ., concur.