■ WENDY TEJADA, Respondent, v SCHUMAN PROPERTIES, LLC, Defendant, and OCTAVIO RAPOSO et al., Appellants. [48 NYS3d 399]—

Order, Supreme Court, Bronx County (Fernando Tapia, J.), entered February 5, 2016, which denied defendants Octavio

Raposo and Heights Condominium's motion for summary judgment dismissing the complaint as against them, unanimously reversed, on the law, without costs, and the motion granted. The Clerk is directed to enter judgment dismissing the complaint as against defendants Octavio Raposo and Heights Condominium.

When opposing summary judgment, plaintiff abandoned her claim that her injuries were caused by standing water on the exterior stairs of a building allegedly owned and managed by defendants, calling the claim a "non-issue," and relying solely on the complaint's allegation that there was no handrail on the stairs to prevent her from falling. Even if the claim was not abandoned, plaintiff does not claim that defendants had actual notice of a dangerous water condition, and defendants made an unrebutted prima facie showing that they did not have constructive notice of any water on the steps where plaintiff fell (*see Gordon v American Museum of Natural History*, 67 NY2d 836, 837 [1986]).

Defendants also made a prima facie showing that the stairwell was equipped with a handrail when plaintiff fell. Defendants submitted the testimony of the premises's manager, who stated that the stairwell had always been equipped with a handrail, that no problem had ever been observed or reported regarding the handrail, and that a handrail was present on the day plaintiff fell. Defendants also submitted the certificate of occupancy, which "supports [the] position that the stairs complied with all applicable regulations" (*Ndiaye v NEP W. 119th St. L.P.*, 145 AD3d 564, 565 [1st Dept 2016]; *see Hyman v Queens County Bancorp, Inc.*, 3 NY3d 743 [2004]).

Under the circumstances here, plaintiff's bare assertion that there was no handrail at the time she fell, standing alone, does not raise a triable issue of fact. Plaintiff made no showing that defendants either created, or had actual or constructive notice of a missing handrail (*see generally Haseley v Abels*, 84 AD3d 480, 482 [1st Dept 2011]; *see also Espinoza v Federated Dept. Stores, Inc.*, 73 AD3d 599, 600 [1st Dept 2010]). Concur—Friedman, J.P., Andrias, Feinman, Kapnick and Gesmer, JJ.