Ahmed v Macy's Inc. (2018 NY Slip Op 03231)





Ahmed v Macy's Inc.


2018 NY Slip Op 03231


Decided on May 3, 2018


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 3, 2018

Richter, J.P., Gesmer, Oing, Singh, Moulton, JJ.


6436 103377/10

[*1]Ayub Ahmed, Plaintiff-Respondent,
v
Macy's Inc., Defendant-Appellant, Thyssenkrupp Corporation, Defendant.


Lester Schwab Katz & Dwyer, LLP, New York (Paul M. Tarr of counsel), for appellant.
H. Bruce Fischer, P.C., Tappan (Eduard Tamma of counsel), for respondent.



Order, Supreme Court, New York County (Geoffrey D.S. Wright, J.), entered August 29, 2016, which denied the motion of defendant Macy's Inc. for summary judgment dismissing the complaint as against it, unanimously reversed, on the law, without costs, and the motion granted. The Clerk is directed to enter judgment accordingly.
Macy's established its entitlement to judgment as a matter of law in this action where plaintiff alleges that he was injured when he slipped and fell on an escalator in Macy's department store. Macy's submitted, inter alia, deposition testimony of two of its employees, as well as the records of maintenance and inspections of the escalator by defendant Thyssenkrupp Corp. and the New York City Department of Buildings. Such evidence showed that the escalator was regularly maintained and inspected during the years prior to plaintiff's accident, and there were never any reports of accidents or other problems with the escalator (see Parris v Port of N.Y. Auth., 47 AD3d 460 [1st Dept 2008]; Gjonaj v Otis El. Co., 38 AD3d 384 [1st Dept 2007]).
In opposition, plaintiff failed to raise a triable of fact. Plaintiff's wife's hearsay statement that the stairs were wet does not indicate that they were wet long enough for Macy's to have notice of the condition. Similarly, plaintiff's testimony that the rubber handrail pulled up when he grasped at it as he slipped, does not raise an issue of fact that any such defect existed long enough for Macy's to have notice, particularly since there were no prior complaints and in light of the evidence of regular maintenance and City inspections showing no problems (see Gordon v American Museum of Natural History, 67 NY2d 836, 837 [1986]; Curiale v Sharrotts Woods, Inc., 9 AD3d 473, 474-475 [2d Dept 2004]). Furthermore, the opinion of plaintiff's expert engineer that the wooden escalator treads were more slippery than industry safety standards permit does not raise an issue of fact.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: MAY 3, 2018
CLERK