Hightower v EXG 332 W44 LLC (2019 NY Slip Op 02810)





Hightower v EXG 332 W44 LLC


2019 NY Slip Op 02810


Decided on April 11, 2019


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on April 11, 2019

Friedman, J.P., Sweeny, Webber, Gesmer, Singh, JJ.


8959 161024/15

[*1]Candice Hightower, Plaintiff-Respondent,
v
EXG 332 W44 LLC, et al., Defendants-Appellants.


Cozen O'Connor, New York (Vincent P. Pozzuto of counsel), for appellants.
Mischel & Horn, P.C., New York (Scott T. Horn of counsel), for respondent.



Order, Supreme Court, New York County (Lynn R. Kotler, J.), entered July 25, 2018, which, to the extent appealed from, denied defendants' motion for summary judgment dismissing the complaint, unanimously affirmed, without costs.
Plaintiff alleges that, while working in a garage owned or leased by defendants, she was struck on the head by a parking gate arm that had been stuck in an upright position and descended as she was walking under it. Defendants demonstrated that they did not create or have actual notice of the particular defective condition by submitting evidence that the parking gate complied with applicable standards and that there was no record of similar previous malfunctions with the gate (see Bazne v Port Auth. of N.Y. and N.J., 61 AD3d 583, 583-84 [1st Dept 2009]).
However, the record does not permit resolution of the issue of defendants' constructive knowledge of a defective condition as a matter of law. Defendants' facility manager acknowledged that the parking gate arm sometimes gets stuck in an upright position, and defendants' maintenance records reflect a call made to the repairs department and a request for service to the parking gate's controller two days before the accident, but there is no record of an attempt to address the service request for the parking gate until after the accident (see Derouen v Savoy Park Owner, L.L.C., 109 AD3d 706, 707 [1st Dept 2013]; Camaj v E. 52nd Partners, 215 AD2d 150, 151 [1st Dept 1995]).
We have considered defendants' remaining arguments and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: APRIL 11, 2019
CLERK