Hamilton v National Amusements, Inc. (2019 NY Slip Op 08156)





Hamilton v National Amusements, Inc.


2019 NY Slip Op 08156


Decided on November 12, 2019


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on November 12, 2019

Gische, J.P., Tom, Kapnick, Kern, Moulton, JJ.


10294 306467/13

[*1] Khristina Hamilton, Plaintiff-Respondent,
v
National Amusements, Inc., doing business as Jamaica Multiplex Cinemas, Defendant-Appellant, Mattone Group Jamaica Company, LLC, Defendant.


Miranda Slone Sklarin Verveniotis LLP, Elmsford (Kevin J. Donnelly of counsel), for appellant.
Sacco & Fillas LLP, Astoria (Albert R. Matuza, Jr. of counsel), for respondent.



Order, Supreme Court, Bronx County (Wilma Guzman, J.), entered on or about July 3, 2018, which denied as untimely the motion of defendant National Amusements, Inc. for summary judgment dismissing the complaint, unanimously reversed, on the law, without costs, and the motion granted. The Clerk is directed to enter judgment accordingly.
The timeliness of a motion is calculated based on the date of service of the motion, and not on the date of filing (see Derouen v Savoy Park Owner, L.L.C., 109 AD3d 706, 706 [1st Dept 2013]; CPLR 2211). Since defendant's motion was served less than 60 days after plaintiff filed her note of issue, it was timely under the motion court's part rules.
On the merits, defendant established its prima facie entitlement to judgment as a matter of law in this action where plaintiff was injured when she slipped and fell as she walked up the escalator in defendant's movie theater. Defendant submitted plaintiff's deposition testimony, in which she stated that she did not see the alleged oily condition on the escalator steps before she fell. Only after the accident, when plaintiff detected what she believed to be an oily substance on her pants and shoe, did plaintiff surmise that she had slipped on oil. Defendant's managers averred that they saw no oily or other foreign substances on the escalator steps on the date in question, and received no reports or complaints about the escalator on that date. Defendant also submitted surveillance video footage showing that numerous persons rode the escalator without any problem for 40 minutes before and about 50 minutes after plaintiff's fall. Accordingly, defendant showed that it did not have actual or constructive notice of the condition that allegedly caused plaintiff's fall (see Valenta v Spring St. Natural, 172 AD3d 623, 623 [1st Dept 2019]).
In opposition, plaintiff failed to raise a triable issue of fact on the issue of notice. Plaintiff's arguments, that defendant's summary judgment motion should be denied pursuant to CPLR 3212(f), in order to permit her to depose defendant's witnesses and test the assertions made in their affidavits, are unavailing. Plaintiff had nearly two years to seek to depose defendant's representative, but did not. Instead, plaintiff filed a note of issue in February 2016, certifying that all discovery was complete. Thus, plaintiff "cannot cite [her] own inaction as justification to deny [defendant's] summary judgment motion" (Espinoza v Fowler-Daley Owners, Inc., 171 AD3d 480, 480 [1st Dept 2019] [internal quotation marks omitted]). Furthermore, plaintiff identifies no facts which she thinks might be clarified or brought to light with further discovery.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: NOVEMBER 12, 2019
CLERK