Pui Kum Ng Lee v Chatham Green, Inc. (2020 NY Slip Op 00069)





Pui Kum Ng Lee v Chatham Green, Inc.


2020 NY Slip Op 00069


Decided on January 7, 2020


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on January 7, 2020

Acosta, P.J., Manzanet-Daniels, Kapnick, Oing, JJ.


10733 155485/12

[*1] Pui Kum Ng Lee, etc., Plaintiff-Respondent,
v
Chatham Green, Inc., et al., Defendants-Appellants, Transel Elevator & Electric Inc., Defendant.


Molod Spitz & DeSantis, P.C., New York (Marcy Sonneborn of counsel), for appellants.
Koster, Brady & Nagler, LLP, New York (Louis E. Valvo of counsel), for respondent.



Order, Supreme Court, New York County (Kelly O'Neill Levy, J.), entered March 29, 2019, which, insofar as appealed from as limited by the briefs, denied the motion of defendants Chatham Green, Inc., Chatham Green Management Corp. and Gerard J. Picaso, Inc. for summary judgment dismissing the complaint as against them, unanimously reversed, on the law, without costs, and the motion granted. The Clerk is directed to enter judgment accordingly.
Defendants established prima facie entitlement to judgment as a matter of law in this action where plaintiff's decedent was injured when the door to the wheelchair lift on the exterior of the building in which they lived malfunctioned causing him to fall out of the lift. Defendants submitted evidence demonstrating that they did not have notice of any malfunction in the subject door through service records showing no issues related to the door opening prematurely (see Meza v 509 Owners LLC, 82 AD3d 426 [1st Dept 2011]; Lee v City of New York, 40 AD3d 1048 [2d Dept 2007]).
In opposition, plaintiff failed to raise a triable issue of fact. Plaintiff did not submit any evidence that complaints about the lift were similar in nature or caused by similar contributing factors (see Gjonaj v Otis El. Co., 38 AD3d 384, 385 [1st Dept 2007]). Nor is the doctrine of res ipsa loquitur applicable under the circumstances presented (see Torres-Martinez v Macy's, Inc., 146 AD3d 638, 639 [1st Dept 2017]; Parris v Port of N.Y. Auth., 47 AD3d 460 [1st Dept 2008]).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: JANUARY 7, 2020
CLERK