Morrison v Long Is. R.R. (2024 NY Slip Op 06599)

Morrison v Long Is. R.R.

2024 NY Slip Op 06599

Decided on December 24, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on December 24, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

BETSY BARROS, J.P.
PAUL WOOTEN
DEBORAH A. DOWLING
CARL J. LANDICINO, JJ.

2021-00962
 (Index No. 21729/15)

[*1]Sharon Morrison, appellant, 
v
Long Island Railroad, defendant, Nouveau Elevator Industries, Inc., respondent (and a third-party action).

Law Offices of Michael S. Lamonsoff, PLLC, New York, NY (Stacey Haskel and Anthony Mangona of counsel), for appellant.
Kaufman Dolowich & Voluck, LLP, Woodbury, NY (Roland A. Vitanza of counsel), for respondent.

DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Suffolk County (Linda J. Kevins, J.), dated December 17, 2020. The order, insofar as appealed from, granted that branch of the motion of the defendant Nouveau Elevator Industries, Inc., which was for summary judgment dismissing the amended complaint insofar as asserted against it.
ORDERED that the order is affirmed insofar as appealed from, with costs.
The plaintiff allegedly was injured when riding an escalator located at a train station owned by the defendant Long Island Railroad (hereinafter LIRR). The defendant Nouveau Elevator Industries, Inc. (hereinafter Nouveau), entered into a contract with LIRR to maintain the escalators at the train station. The plaintiff commenced this action against LIRR and Nouveau to recover damages for personal injuries. In June 2020, Nouveau moved, inter alia, for summary judgment dismissing the amended complaint insofar as asserted against it. In an order dated December 17, 2020, the Supreme Court, among other things, granted that branch of Nouveau's motion. The plaintiff appeals.
A property owner has a "nondelegable duty to maintain and repair the escalators on its premises" (Isaacs v Federated Dept. Stores, Inc., 146 AD3d 762, 764; see Roberts v Old Navy, 134 AD3d 1088, 1088). "[A] party who enters into a contract to render services may be said to have assumed a duty of care—and thus be potentially liable in tort—to third persons: (1) where the contracting party, in failing to exercise reasonable care in the performance of his [or her] duties, launches a force or instrument of harm; (2) where the plaintiff detrimentally relies on the continued performance of the contracting party's duties; and (3) where the contracting party has entirely displaced the other party's duty to maintain the premises safely" (Espinal v Melville Snow Contrs., 98 NY2d 136, 140 [alterations and internal quotation marks omitted]). Here, Nouveau established, prima facie, that it did not owe a duty to the plaintiff based on the contract between it and LIRR. The contract did not entirely displace LIRR's duty to maintain the escalator safely, since LIRR retained the ability to give direct orders to Nouveau employees and LIRR inspected and made minor repairs [*2]to the escalator (see Robles v Taconic Mgt. Co., LLC, 173 AD3d 1089, 1093). Moreover, Nouveau established that it did not launch a force or instrument of harm, since its alleged passive conduct did not create or exacerbate the alleged dangerous condition of the escalator (see Santos v Deanco Servs., Inc., 142 AD3d 137, 141-142). The plaintiff did not pursue a theory related to detrimental reliance on Nouveau's performance under the contract. In opposition, the plaintiff failed to raise a triable issue of fact.
Nouveau also established, prima facie, that it did not negligently perform its maintenance of the escalator. An escalator company that agrees to maintain an escalator in safe operating condition "can be held liable to an injured passenger for failure to correct conditions of which it has knowledge or failure to use reasonable care to discover and correct a condition which it ought to have found" (Barcliff v Schindler El. Corp., 197 AD3d 1228, 1229 [internal quotation marks omitted]; see Ramjohn v Port Auth. of N.Y. & N.J., 151 AD3d 1090, 1091-1092). Here, Nouveau submitted work tickets and transcripts of the deposition testimony of a Nouveau employee and a LIRR employee which demonstrated, prima facie, that the escalator was regularly inspected and maintained, that Nouveau did not have notice of any defect in the escalator, and that Nouveau did not fail to use reasonable care to correct a condition about which it should have been aware (see Barcliff v Schindler El. Corp., 197 AD3d at 1229; Ramjohn v Port Auth. of N.Y. & N.J., 151 AD3d at 1091-1092). In opposition, the plaintiff failed to raise a triable issue of fact.
The plaintiff's remaining contentions are without merit.
Accordingly, the Supreme Court properly granted that branch of Nouveau's motion which was for summary judgment dismissing the amended complaint insofar as asserted against it.
BARROS, J.P., WOOTEN, DOWLING and LANDICINO, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court